THE STATE OF IOWA, Appellee, v. MOX WACKERNAGEL,
Appellant.

Larceny: EVIDENCE OF SIMILAR OFFENSE: WHEN ADMISSIBLE. In a
1    prosecution for larceny where evidence of similar crimes com-
mitted at the same time is offered to show defendant's connec-
tion with the main offense, it should sufficiently appear that
defendant was connected with the subject of the other larceny.

Same: CONDUCT OF CODEFENDANT: HOW CONSIDERED. Evidence
2    of the conduct of a codefendant at the time of the larceny,
though proper, should not be considered for the purpose of
connecting the other defendant with the crime.

Same: EVIDENCE. The whole evidence in the case considered and
3    found insufficient to connect the defendant with the crime
charged.

*Appeal from Taylor District Court.*—HON. R. L. PARRISH,
Judge.

WEDNESDAY, OCTOBER 8, 1902.

DEFENDANT was indicted, tried, and convicted of the crime of larceny, and from the judgment and sentence imposed appeals.—*Reversed.*

*McCoun & Jennings* and *Flick & Jackson* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

DEEMER, J.—On the evening of March 2, 1901, five hogs belonging to one R. C. Beamer were taken from the stock yards at the town of Clearfield, and placed in the stock yards at the town of Lennox, some 10 miles distant. Defendant and his brother Frank were jointly indicted for the larceny of these animals, and at defendant's request he was given a separate trial, resulting in a verdict and judgment of guilty.

That the hogs were conveyed from one place to the other by a team and wagon belonging to the father of the defendant, and that whoever drove it was also guilty of the larceny of some harness on the same evening, is so well settled as to be beyond the pale of reasonable discussion. The only difficulty in the case lies in the lack of evidence tending to connect defendant with either larceny. The harness which was stolen was found in a barn owned and controlled by defendant's father, and to which either the father or the brother had as ready access as the defendant. The only evidence, then, which tends to connect defendant with the larceny, is that of several witnesses, who said they saw two men in the wagon on its way from Clearfield to Lennox and at Lennox; and of one who said that one of the men he saw would compare favorably with the defendant. No one pretends to identify defendant as being one of the men who was in the wagon or at Lennox, where the hogs were left. Evidence of similar crimes committed at

*1. LARCENY: evidence of similar offense: when admissible.*

the same time, and by the same person, is sometimes admissible, but where offered, as in this case, to show defendant's connection with the main offense, it should sufficiently appear that defendant was connected with the subject of the larceny. In the instant case there is no evidence, other than the finding of the stolen property, tending to connect defendant with the crime. It was not found in defendant's possession, and had no more of a tendency to connect defendant with the larceny than his brother or his father. Indeed, the presumption is that the father was in control of the premises where the harness was found, and there is nothing to rebut this presumption. Because the stolen harness was found in a barn owned and controlled by the father of the defendant, there being no evidence that defendant himself was ever in the possession thereof, testimony as to the stealing of the harness should not have been admitted against the defendant, or, if admitted, should not be considered in determining his guilt or innocence. Had there been any connection between the two offenses, and evidence to show that defendant stole the harness, doubtless such evidence would not only be competent, but controlling. But, in the absence of a showing that defendant was guilty of stealing the harness, the evidence should not have been received, nor should it be considered against him. Evidence as to the possession of stolen property should be such as to indicate that the defendant, and not some one else, took the same. *State v. Griffin*, 71 Iowa, 372.

Testimony as to the conduct of defendant's brother at or near the time the hogs were stolen was proper. The state claimed that defendant and his brother committed 2. CONDUCT of codefendant: how considered. the crime, and what the brother did was properly admitted in evidence. But such evidence would not of itself tend to connect defendant with the crime, and should not be considered for that purpose.

Evidence to show that a team found on the Wacker-nagel place made tracks found between the two towns the morning after the larceny was also properly admitted.

The court was in error in admitting the evidence as to the larceny of the harness without some further showing connecting defendant therewith, and in overruling defendant's motion for a new trial, based on insufficiency of the evidence tending to connect defendant with the commission of the offense.

The judgment is therefore REVERSED.