STATE OF IOWA, Appellee, v. GEORGE CRABBE, Appellant.

CRIMINAL LAW: Evidence—Other Offenses—Inadmissibility. On the trial of an indictment for the larceny of an automobile, evidence of the defendant's criminal connection in a foreign state with the license plates of an automobile separate and distinct from the one charged to have been stolen, is wholly inadmissible.

Headnote 1:    16 C. J. p. 603.

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

JUNE 25, 1925.

DEFENDANT was convicted of larceny of a Ford automobile and sentenced accordingly.  He appeals.—*Reversed*.

*Seerley & Clark*, for appellant.

*Ben J. Gibson*, Attorney-general, and *W. E. Jackson*, County Attorney, for appellee.

ALBERT, J.—The evidence of the State tends to show that, on April 16, 1923, one H. J. Carlson, in the city of Burlington, Iowa, drove his Ford coupé to the Mercy hospital, where he parked the same, and that, after a visit to the hospital, he returned for his car, and it was gone.  It was found about the first of May, in Galesburg, Illinois, in the possession of police officers.  The number had been changed, and it had no license plates.  It had been found by the officers in the possession of the defendant, who gave various inconsistent explanations of how he came into possession of it.

In the trial of the case, the State was permitted, over the objections of the defendant, to introduce the testimony of the sheriff of Des Moines County as to a conversation had in the spring of 1923 about certain license plates.  The sheriff was permitted to testify that the defendant told him that he transferred a car to Gus Feldman, who purchased a new set of plates, and that the car had never been fetched to Iowa; and that the sheriff found certain license plates at Feldman's.  He identified certain registration cards from the treasurer's office in Burlington, which defendant told him had been turned into the treasurer's office for new license plates, and testified that these were the license plates found in Gus Feldman's residence.  Such registration card and license plates were then, against the objection of the defendant, admitted in evidence.  The sheriff says he never saw the car called for by the exhibits, but that the defendant told him that the car had been stolen in Chicago.  The admission of this testimony is urged upon us as a serious error.  When it is remembered that this defendant is before the court charged with the larceny of this Ford automobile, it takes an unreasonable stretch of the imagination to see why this testimony was admitted.  There is no claim that the license plates found at

Gus Feldman's were ever on the car in controversy or had anything to do with the car. The Illinois certificate that was turned into the office of the treasurer of Des Moines County shows an entirely different engine number from the one in controversy herein.

Our attention is called to the case of *State v. Albery*, 197 Iowa 538; but the facts in that case are wholly distinguishable from those in the case at bar. The charge there was receiving stolen property, which involves elements wholly wanting in the present case. That case involved a question of a conspiracy and a general course of conduct between the parties for disposing of stolen cars and the issuance of license plates and registration certificates in different counties as an element of the system or scheme by which they disguised and covered up their nefarious transactions, and was admitted by the court as tending to show knowledge on the part of the appellant that the cars in question were stolen. The sum total of this testimony is that the defendant, either himself or through Feldman, turned in Illinois license numbers and registration certificate to the treasurer of Des Moines County, and took out an Iowa registration receipt and license number for a car which, according to the testimony of the sheriff, defendant admitted was stolen in Chicago. The most that could be said for this is that it is an admission by the defendant that he was the recipient of stolen property, if it even establishes that fact. We have often discussed this question of admitting evidence of other crimes, and have marked out repeatedly the rule governing the same. We have said that it is not competent for the State to show the commission of other crimes, separate, distinct, and independent of the one charged. *State v. Robinson*, 170 Iowa 267; *State v. Crofford*, 121 Iowa 395; *State v. Carmean*, 126 Iowa 291.

In *State v. Vance*, 119 Iowa 685, we specified five exceptions to this rule, to wit: Such evidence is admissible to show (1) motive, (2) intent, (3) absence of mistake or accident, (4) common scheme, (5) the identity of the person charged with the offense. To the same effect see *State v. Weaver*, 182 Iowa 921; *State v. O'Connell*, 144 Iowa 559.

In the case before us, the evidence admitted does not come within any of these exceptions. It is not even a charge of a

similar crime. The court erred in admitting this line of testimony. That it is prejudicial, no one who is familiar with the trial of lawsuits can doubt.

Several other errors are urged, and complaint is made about the argument of the prosecuting attorney. These matters will probably be taken care of on a retrial of the case, and we give them no further attention.

For the error above pointed out, the case is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ:, concur.