STATE OF IOWA, Appellee, v. CARRIE RENSLOW, Appellant.

No. 40078.

FEBRUARY 18, 1930.

*Baker, Doran & Boone* and *W. D. Milligan,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *F. E. Duffield,* County Attorney, for appellee.

ALBERT, J.—Most of the numerous complaints made by the defendant in this case are not properly assigned, and others have no merit.

It was urged by the defendant that the evidence was not sufficient to carry the case to the jury; and also that the prosecuting witness, being an accomplice, was not sufficiently corroborated. We have read the record as to both of these questions, and find that there was an abundance of evidence to take the question to the jury, and that the corroboration was sufficient.

On the trial of the case, evidence was admitted showing that a party, of which defendant was a member, started from their home northeast of Panora on the said 9th day of March, 1929, and went to Panora, there entered a dry goods store, and stole certain dresses and scarfs; that they then drove from Panora to Guthrie Center, a distance of about eight miles, where the larceny charged in the indictment was committed. The defendant strenuously insisted during the trial that the evidence of the larceny committed at Panora was not admissible.

The court instructed the jury that the evidence of the Panora larceny was admitted for its bearing, if any, upon the question as to whether or not, at the time in question, the defendant and her companions had a purpose and scheme of committing a series of larcenies of a similar character, in pursuance of which they committed the larceny at the Square Deal Store, and whether or not it was their intention, at the time of said alleged larceny from the Square Deal Store, if any, to commit the crime charged, and whether or not the taking, if any, from the Square Deal Store was by accident or mistake; and that the evidence as to the other alleged occurrence at the H. L. Moore store in Panora should be considered for no other purpose.

The general rule, of course, is that, in a charge of larceny, evidence of another disconnected or independent larceny is not admissible. *State v. Wackernagel,* 118 Iowa 12; *State v. Clark,* 160 Iowa 138; 16 Corpus Juris 603. To this rule an exception is recognized where there is a showing that the larceny is one of a series of larcenies which were committed as a part of a general or common scheme or confederation between the parties to commit larcenies. 17 Ruling Case Law 75, Section 80. See *State v. Vance,* 119 Iowa 685.

Apparently in pursuance of this latter thought the court

gave the instruction above referred to, and attempted to limit the evidence of the Panora larceny to this purpose; but the trouble with the matter lies in the fact that there is not a syllable of testimony in the case tending to show that there was an agreement, confederation, common understanding, or common scheme among these parties, or any of them, that they were starting on an expedition to commit larceny, or to commit larceny at the two places where these larcenies were committed. Without this evidence in the record to support it, the instruction should not have been given; and before that, when the record failed to show such a common scheme, enterprise, understanding, or agreement, the court should not have admitted the testimony of the Panora larceny. When the county attorney promised the court to connect this Panora larceny with the Guthrie Center larceny and failed so to do, the motion made by the defendant to strike the testimony as to the Panora larceny should have been sustained.

Other instances in which we have made exceptions to the above general rule will be found in the following cases: *State v. Vance,* supra; *State v. O'Connell,* 144 Iowa 559; *State v. Boyd,* 195 Iowa 1091; *State v. Baugh,* 200 Iowa 1225; and *State v. Burzette,* 208 Iowa 818. In all of these cases we followed the original case of *State v. Vance,* supra; but none of them, under the facts in the case at bar, have any application here. There is nothing in the record that warrants the application of the rule laid down in these cases, and the most that is claimed, therefore, is that by analogy the rule in the *Vance* case would apply to the facts in the present case. But, in our opinion, the rule in the *Vance* case has nothing to do with the case at bar. See especially *State v. Crabbe,* 200 Iowa 317, where we marked out this very distinction.

There are no other objections raised by the defendant which are entitled to consideration in the disposition of this case.

For the error in admitting the evidence of the Panora larceny, and also in using the same as the basis for the instruction given, the case is—*Reversed.*

MORLING, C. J., and FAVILLE, DE GRAFF, and WAGNER, JJ., concur.

STEVENS, J., takes no part.