**STATE of Iowa, Appellee,**

**v.**

**George John McCARTY, Jr., Appellant.**

**No. 53424.**

Supreme Court of Iowa.

Sept. 2, 1970.

O'Brien & Galvin, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Richard T. Smith, County Atty., for appellee.

REES, Justice.

The defendant was charged by grand jury indictment with the larceny of a quantity of soybeans exceeding in value $20, in violation of section 709.4, Code, 1966. On his plea of not guilty he was tried to a jury and convicted, and from a judgment imposing sentence of imprisonment for a term of not to exceed ten years in the penitentiary, the defendant appeals. We reverse and remand.

I. In his first assignment of error, the defendant urges the trial court erred in admitting the testimony of a witness Valera

Wordelman as to the landlord-tenant relationship existing between the witness and one James McCarty, a brother of the defendant. She testified she had a rental arrangement under the terms of which James McCarty operated two 80-acre tracts of land belonging to Mrs. Wordelman, and in the year 1967, 38 acres of her land farmed by James McCarty was planted to soybeans, and her share of that crop was 536 bushels. Further, in his first assignment of error, the defendant asserts the court erred in admitting the testimony of one Fred Dressen, who testified he is the manager of a grain storage elevator at Alvord, Iowa, and never had any business transactions with the defendant but had had business transactions with the defendant's brother James, and in June of 1967 James McCarty had sold to the witness 1697 bushels of soybeans. Further, in his first assignment of error, the defendant contends the court erred in admitting the testimony of one Alvin Vant Land, who testified he is the assistant manager of a farmers cooperative at Inwood, Iowa, and never had any business transactions with the defendant, but that the defendant's brother James is a member of the cooperative, and in May of 1967 the witness sold James McCarty seven and one-half bushels of soybean seed, which would have planted approximately five acres of land, and that he also in May of 1967 cleaned 80 bushels of soybean seed for James McCarty, and in November of the same year purchased from James McCarty 1520 bushels of soybeans.

The defendant asserts error in the admission of the testimony of the above named witnesses because the evidence adduced from said witnesses was irrelevant and immaterial to the issues in the cause and was in no way binding on the defendant, contending that evidence as to acts or transactions to which the accused was not a party or to other matters with which he had no reasonable connection, being inter alios acta, is inadmissible unless it is so interwoven with other relevant evidence as to make it impossible to try the case without admitting it.

The State contends even if the evidence was irrelevant, it was non-prejudicial and should not be the basis for reversal, citing State v. Stuart, 241 Iowa 1004, 1006, 43 N.W.2d 702, 703. In Stuart, the charge was burglary with aggravation, the fruits of the alleged theft having been found in the defendant's hotel room. Evidence of a zipper bag and suitcase found in the hotel room of an alleged accomplice was deemed of questionable materiality, but the introduction of the same was viewed under the facts of the case as non-prejudicial. In Stuart, this court held where there is no prejudice the admission of irrelevant or immaterial evidence will not constitute reversible error.

In State v. Gill, 259 Iowa 142, 145, 143 N.W.2d 331, 333–334, this court held in a prosecution for robbery evidence of activities unrelated to the robbery did not come within any rule permitting the admission of such evidence, and the effect of such evidence was prejudicial and its introduction amounted to reversible error.

■    The rule "res inter alios acta" forbids the introduction of collateral facts which by their nature are incapable of affording any reasonable presumption or inference as to the principal matter in dispute. 22A C.J.S. Criminal Law § 602, pages 406–407. Thus, evidence as to acts, transactions or occurrences to which accused is not a party or is not connected is inadmissible.

■■    From the holdings in Stuart and Gill, supra, while evidence may be inadmissible under the doctrine "res inter alios acta", the type of evidence and the circumstances of the case are determinative of whether such evidence was prejudicial and therefore whether its admission is reversible error. It therefore appears the evidence relating to James McCarty's tenancy and his commercial transactions in soybeans prior to the alleged larceny of

soybeans by the defendant has no relevance to the crime with which the defendant is charged. The State was obviously attempting to connect sales of soybeans by the defendant's brother with the offense by establishing the amount of soybeans the defendant is alleged to have committed, found in the hoghouse at the home of the defendant in January 1968 was greater than the defendant or his brother could have raised or accumulated without having come by them in some manner unexplained. Speculation by a jury as to connections between sales of soybeans by James McCarty and the offense with which the defendant was charged could therefore have been, and obviously was, highly prejudicial to the defendant. We conclude the trial court should have excluded the evidence of the witnesses Wordelman, Dressen and Vant Land, unless the testimony of such witnesses could have been more closely connected to the offense with which the defendant was charged than the record before us indicates was the fact.

II. In his second assignment of error, the defendant asserts the trial court erred in admitting the testimony of a witness, Emmet Rathbun, as to purported similarities of tire tracks observed by him and photographs of tire tracks taken by another because the questions propounded to the witness were leading and suggestive and invaded the province of the jury, and the witness was permitted to advance an opinion and conclusion without proper foundation.

The defendant further urges the trial court erred in admitting the testimony of the witness Rathbun as to purported similarities in photographs of boot prints observed by him, and certain boot tracks actually observed by him, on the same basis as the objection to the testimony concerning the tire tracks.

The defendant advances the argument that while the witness may state facts within his personal knowledge, unless he is properly qualified as an expert concerning the particular subject of his testimony he should not be permitted to state an opinion

reached by him when such opinion is on an ultimate fact and invades the province of the jury. As applied to this case, the defendant argues Rathbun was a lay witness and gave testimony that the tire tracks and boot tracks observed and photographed by him were similar when such a question was one solely for the jury. The State contends opinion testimony of a lay witness is admissible if the record discloses factual observations upon which the opinion is predicated.

The defendant cites an Iowa case, State v. Steffen, 210 Iowa 196, 200–202, 230 N.W. 536, 537–538, 78 A.L.R. 748, 751, on the admissibility of testimony of an expert witness as to ultimate facts. The Steffen case was specifically overruled by Grismore v. Consolidated Products Co., 232 Iowa 328, 362, 5 N.W.2d 646, 663.

We conclude there was sufficient factual basis to serve as foundation for Rathbun's comparison testimony. Certainly where there is proper factual foundation for a lay witness to testify, it is within the discretion of a trial court to allow a witness to express an opinion based on such established foundation facts. When a witness expresses an opinion the matter of its being received is largely within the discretion of the trial court. Draeger v. Heckman-Reynolds Co., 247 Iowa 1259, 1263, 78 N.W.2d 851; Grismore v. Consolidated Products Co., supra, 232 Iowa at 342, 5 N.W.2d at 654. In the Grismore case the court announced the rule that the fact the matter inquired about is a vital and controlling element in the trial or is even the ultimate fact which the jury ought to pass upon and determine is no reason why the opinion should not be received. Grismore v. Consolidated Products Co., supra, 232 Iowa at 345–346, 5 N.W.2d at 655. In Grismore the court seemed to rely on the fact that all the expert is offering is an opinion and that the jury is perfectly capable of accepting or rejecting the same. There was sufficient evidence to provide a background for Rathbun's opinion on the similarity of the tire tracks and boot

tracks he observed, and absent any abuse of the trial court's discretion the admission of evidence of the same is not error. While the evidentiary questions touched upon in the Grismore and Draeger cases arose in civil matters, the rule of evidence is applicable to criminal proceedings. State v. Jiles, 258 Iowa 1324, 142 N.W.2d 451, 455.

III. In his third assignment of error, the defendant claims the trial court erred in the giving of its instruction number six. Instruction number six as given by the trial court is as follows:

"Under our law a person charged with a crime may testify in his own behalf, and the defendant has availed himself of this privilege, and in determining the question of his guilt or innocence you must consider his testimony.

"He testifies as an interested witness, and from an interested standpoint, and as such you should consider his testimony; and when you do this, with all of the surrounding circumstances in the case, give the testimony such weight, in connection with the other evidence in the case, as you think it entitled to receive."

The record discloses that tentative draft of the instructions to the jury were submitted to counsel before the jury was charged, and that counsel for the defendant excepted to the giving of instruction number six, especially the phrase, " * * * and in determining the question of his guilt or innocence you must consider his testimony." The counsel for the defendant requested a substitute instruction. The exceptions to the instruction as given and the request for the substitute instruction were overruled, and were later raised by the defendant in a motion for new trial, which was also overruled.

In State v. Bester (Iowa, 1969), 167 N. W.2d 705, this court held that an instruction similar to the foregoing denied the defendant a fair trial because it called attention to the defendant's testimony and as such permitted the court to invade the province of the jury in its function as sole judge of the credibility of the witnesses. The giving of such an instruction is a judicial expression tending to disparage the defendant witness, singling him out for special comment to the exclusion of other trial witnesses and constitutes reversible error. In State v. Thrasher (Iowa, 1970), 175 N.W.2d 397, this court discussed the retroactivity of the Bester case, applying it to cases on direct review when the Bester case was filed, and upheld the substantive holding in State v. Bester. State v. Thrasher, supra, 175 N.W.2d at 399–402. The giving of instruction number six was error, requiring reversal.

The State contends the claimed error in the giving of instruction number six is waived for the reason that it was not argued, citing Iowa Rules of Civil Procedure 344(a) (4), which provides errors or propositions not stated or argued shall be deemed waived. In support of its contention, the State cites State v. Masters (Iowa, 1969), 171 N.W.2d 255, a pro se appeal by a defendant in a robbery case, where his appeal brief did not answer the requirements of the rule. In State v. Masters, at page 258, this court held section 793.18, Code, 1966, requires this court to examine the record without regard to technical errors which did not affect substantial rights of the parties and render judgment on the record as the law demands, and that if a fair trial has not been had the court will reverse notwithstanding technical errors in the appeal process. The proposition urged for reversal was stated, if not argued, and the intent of the rule is therefore satisfied. There is no waiver of the alleged error by the defendant in this appeal.

IV. In division IV of his brief the defendant assigns as error the giving of instruction number five, as follows:

"The defendant has pleaded an alibi defense; and he has introduced evidence to establish an alibi, by which is meant that he was not present at the time and place

of the commission of the offense. The evidence of an alibi should be scanned with caution."

The State reasserts the waiver argument raised in connecticn with instruction number six, but cites no authorities and makes no argument on the substantive issue raised by the assigned error. The error was stated by the defendant in his brief and argument, although not argued, and there has been no waiver of the assigned error by the defendant.

It is the last sentence of instruction five that defendant alleges is erroneous.

Instruction five did not contain the language which has come under the scrutiny of this court many times, notably in State v. LaMar, 260 Iowa 957, 151 N.W.2d 496; State v. Carter (Iowa, 1968), 161 N.W.2d 722; State v. Galloway (Iowa, 1969), 167 N.W.2d 89; State v. Evans (Iowa, 1969), 169 N.W.2d 200; and which was found to be constitutionally objectionable in Stump v. Bennett, 398 F.2d 111 (8 Cir.). The burden of proving his alibi by a preponderance of the evidence was not placed on the defendant by instruction five; however, in the sentence cbjected to in the instruction there are elements of the error that was held reversible in State v. Bester, supra. In instructing the jury that the defense of alibi should be scanned with caution, the court is none too subtly suggesting that evidence of alibi is easily manufactured and is, therefore, singling out one facet of the record evidence for special mention, and invades the province of the jury in its function as sole judge of the credibility of all of the witnesses. We are inclined to apply the rationale or logic of the Bester case to instruction number five as it tends to disparage all testimony which might establish alibi. We therefore conclude the submission to the jury of instruction number five as given constitutes reversible error.

V. The defendant further alleges the trial court erred in ruling on defendant's motion to strike a portion of the testimony of Sheriff Sleeper, who testified the tire tracks he saw at a place where a secondary road intersected highway #59 were *identical* to tire tracks he viewed at the bin site from which the soybeans, which were the subject of the larceny were taken. In ruling on the motion to strike that portion of the testimony of Sheriff Sleeper, the court sustained the motion but added the opinion of Sheriff Sleeper as to the *similarity* of such tracks was not stricken from his testimony. We have reviewed the abstract of the record and the transcript of the testimony with care, and find no testimony by Sheriff Sleeper that there was any *similarity* in the tracks, his testimony all having been that they were *identical.* Defendant argues the ruling of the court constituted an expansion of the record, a comment on purported facts, and an inaccurate statement of fact. Essentially the same error is alleged in the ruling on Sheriff Sleeper's testimony that boot tracks seen at the bin site and on the McCarty farms were identical. Since there had been no testimony as to similarity, the ruling of the court was inadvertent, but we observe the ruling was made in the record out of the presence of the jury, and are unable to perceive how and in what manner the defendant might have been prejudiced.

Remarks by a trial judge while ruling on objections as to admissibility of evidence are not held to be reversible error, provided they are not unfair and prejudicial to the accused. State v. Fiedler, 260 Iowa 1198, 1203, 152 N.W.2d 236, 240; State v. Jensen, 245 Iowa 1363, 1368–1369, 66 N.W.2d 480, 483; and see State v. Shearer, 206 Iowa 397, 404, 220 N.W. 13, 15–16; and State v. Ladehoff, 255 Iowa 659, 671, 122 N.W.2d 829, 837. Had the comment of the trial court been made in the presence of the jury, we incline to the view prejudice to the defendant might have resulted, but we are unable in the state of the record to conclude the court's ruling on the motion and his comment on the record worked any prejudice to the defendant.

VI. We deem it unnecessary to consider defendant's assigned errors which in general raise questions of the sufficiency of evidence to support the verdict or the cumulative effect of assigned errors depriving the defendant of a fair trial. For the reasons above stated, we reverse and remand for a new trial.

Reversed and remanded.

All Justices concur.