STATE of Iowa, Appellee,

v.

Dennis Lee WRIGHT, Appellant.

No. 54373.

Supreme Court of Iowa.

Nov. 11, 1971.

Maurer & Jones, Ames, for appellant.

Richard Turner, Atty. Gen., and Richard Winders, Asst. Atty. Gen., Des Moines, for appellee.

LeGRAND, Justice.

Defendant was charged with the crime of larceny in violation of section 709.5, The Code. Upon trial to a jury he was convicted and thereafter sentenced to a term of not more than five years in the Men's Reformatory. He appeals from that judgment, and we reverse.

Defendant's seven assignments of error raise only two issues. The first relates to the admission throughout the trial of evidence tending to prove defendant had committed other crimes. The second is claimed error resulting from allowing non-expert opinion evidence concerning the similarity between soybeans found in defendant's driveway and those taken from the Birchmier bins.

Defendant was accused of stealing approximately 200 bushels of soybeans from the farm of James Birchmier. After the theft was discovered, the victim and his brother followed a trail of beans leading from the grain bins directly to defendant's residence some distance away. There was opinion evidence, both lay and expert, that the beans spilled in defendant's driveway were similar to those stolen from the Birchmier bin.

There was also testimony by an official of Pulley Grain Company to show defendant had sold soybeans in the approximate amount of those stolen from the Birchmier farm within several days of the theft. This was supported by introduction of the check by which defendant was paid. It bore defendant's endorsement.

There had been other soybean thefts in the neighborhood during several weeks preceding this one. They involved area farmers, at least three of whom were identified in the testimony—John Geer, Tom Williams, and Doyle Tett. Much of the testimony of the deputy sheriffs who conducted an investigation centered around what was found at these other farms and was designed to tie defendant up with those offenses by circumstantial evidence, showing he had sold soybeans to different elevators at about the time, and in the approximate amount, of each of those thefts. There was evidence, too, concerning tire prints found at one of these farms, and their similarity to prints made by defendant's tires.

I. Defendant's principal complaint is that it was reversible error to permit evidence of these other offenses. He urges they were separate and independent crimes, having no probative value in proving defendant committed the specific crime with which he is charged here. He argues, too, that the evidence was so highly prejudicial that its admission denied him a fair trial.

■ We hold defendant is entitled to a new trial on this ground. The general principle is that evidence to show the commission of crimes other than the one with which a defendant stands charged is inadmissible. McCormick, Evidence, section 157, page 326; 1 Jones on Evidence, Fifth

Ed., section 162, page 290; 29 Am.Jur.2d, Evidence, section 320, page 366; 22A C.J. S. Criminal Law § 682, page 729; State v. McCarty, 179 N.W.2d 548 (Iowa 1970); State v. Wilson, 173 N.W.2d 563, 566 (Iowa 1970); State v. Bolds, 244 Iowa 278, 282, 55 N.W.2d 534, 536 (1953); State v. Porter, 229 Iowa 882, 885–888, 294 N.W. 898, 900 (1940).

There are a number of recognized exceptions to this exclusionary rule which permit the use of otherwise prohibited evidence if it tends to prove an element of the crime for which the defendant is then on trial, even though it also—incidentally—establishes the commission of another offense. We cite only several of the numerous cases which support this rule. State v. Armstrong, 183 N.W.2d 205, 207 (Iowa 1971); State v. Wilson, 173 N.W.2d 563, 566 (Iowa 1970); State v. Gill, 259 Iowa 142, 145, 143 N.W.2d 331, 333 (1966).

The exceptions recognized by these cases permit the reception of evidence of other crimes to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, or (5) identity of the person charged with the commission of the crime.

Since it must be conceded much of the evidence here went to defendant's criminal involvement in soybean raids on neighboring farms, which would be inadmissible under the general rule, our task is to ascertain if, as the State claims, it falls within one of the accepted departures from the rule. We conclude it does not.

■ There must be some factual issue raised to permit evidence of other crimes under the noted exceptions. If no such issue exists, then the evidence is unnecessary and the exception may not be relied upon. We recognized this in State v. Porter, supra, 229 Iowa at 886, 294 N.W. at 900 (1940), where we said:

"Under other exceptions proof of other crimes may in certain cases be admissible to show intent or absence of mistake or accident. But these exceptions are not applicable to cases of this character because intent may, in such cases, be inferred from the manner of the act charged and scienter and purpose are not of the essence of the issue. * * *"

See also State v. Potter, 195 Iowa 163, 168, 191 N.W. 855, 858 (1923), where Justice DeGraff, although reversing the case on other grounds, said:

"It [the admission of evidence of other crimes] had no tendency to establish the fact in controversy. The evidence was not admitted on a theory to prove scienter, motive, general scheme, or system, for these matters were not involved. * * *"

Here the defendant presented no evidence, and the State's theory posed an uncomplicated factual situation for jury determination. The State claimed defendant invaded the Birchmier farm, took a load—or several loads—of beans from the bins, and later sold them to the Pulley Grain Co. at Mingo.

There is no real issue of motive, intent, or mistake to justify the admission of testimony of other crimes, nor can it be seriously argued that the evidence was admissible to prove identity.

■ In other words, the evidence of other offenses lacked relevance to these elements in proving defendant guilty of the specific crime with which he was charged. And relevance is the basic principle upon which the admissibility of such evidence turns. 22A C.J.S. Criminal Law § 691(9) b, page 819; State v. Agee, 257 Iowa 1345, 1348, 136 N.W.2d 419, 421 (1965); State v. Linzmeyer, 248 Iowa 31, 37, 79 N.W.2d 206, 209 (1956); State v. Rand, 238 Iowa 250, 264, 25 N.W.2d 800, 808 (1947).

■ We should discuss separately the only exception which could possibly permit the introduction of the disputed evidence —the existence of a common scheme, plan, or system. It is not enough that the defendant committed other crimes of the same nature unless in some way each has a bearing on the other. 1 Underhill's Criminal Evidence, Fifth Ed., section 207, page 473; 22A C.J.S. Criminal Law § 688, page 782; 29 Am.Jur.2d, Evidence, section 326, page 376.

Assuming the evidence shows what the State claims for it, the most that can be said is that defendant first stole soybeans from one of the other farms and, being successful, was emboldened to engage in other thefts until he ultimately came under suspicion. Nowhere is there any suggestion that one crime was dependent upon or connected with any of the others. Each was, under this record, a separate and independent crime.

It appears beyond dispute that the State sought to introduce evidence of other crimes to persuade the jury that a person who had stolen soybeans on several prior occasions was very likely to have stolen them on this occasion also—the very rationale the rule is designed to guard against. That this was the State's purpose is confirmed by the fact that at no time did the State seek to justify its admission under one of the exceptions to the general rule.

■ Common scheme or plan means more than the commission of two similar crimes by the same person. Nester v. State, 75 Nev. 41, 334 P.2d 524, 526–527 (1959). Evidence of other crimes should never be admitted when it appears the defendant committed them wholly independent of the one for which he is then on trial. There must be some connection between the crimes. Roulston v. State, Okl. Cr., 307 P.2d 861, 867, 868 (1957).

In State v. Crabbe, 200 Iowa 317, 319, 204 N.W. 272, 273 (1925), we said:

"We have often discussed this question of admitting evidence of other crimes and have marked out repeatedly the rule governing the same. We have said that it is not competent for the state to show the commission of other crimes, separate, distinct, and independent of the one charged."

In State v. Renslow, 209 Iowa 982, 983, 229 N.W. 225, 226 (1930) the defendant was being prosecuted for larceny of certain clothing from a store in Guthrie Center. Evidence was admitted that several hours earlier she had been involved in a similar theft at Panora. We said:

"The general rule, of course, is that, in a charge of larceny, evidence of another disconnected or independent larceny is not admissible. * * * To this rule an exception is recognized where there is a showing that the larceny is one of a series of larcenies, which were committed as a part of a general or common scheme or confederation between the parties to commit larcenies."

We then went on to say the admission of the evidence in the Renslow case was error because "there is not a syllable of testimony in the case tending to show that there was an agreement, confederation, common understanding or common scheme between these parties, or any of them, that they were starting on an expedition to commit larceny, or to commit larceny at the two places where these larcenies were committed. Without this evidence in the record to support it, the instruction should not have been given, and before that, when the record failed to show such a common scheme, enterprise, understanding, or agreement, the court should not have admitted the testimony of the Panora larceny."

That case, of course, involved proof of a common scheme among confederates, a circumstance not present in the matter now before us. But the necessity for showing a common scheme, purpose, or plan before proof of one crime is relevant in prosecution for another remains the same.

As in State v. Renslow, supra, here too the record is completely silent as to the existence of a common plan or scheme; in fact the State did not claim one existed until arguing this appeal. The State made no showing which would qualify the evidence as proof of a common scheme or plan.

For the reasons stated, we hold the admission of evidence tending to show defendant committed other crimes was error, was highly prejudicial to defendant, and requires a reversal.

II. Since there is to be a new trial, we should also consider briefly the defendant's other complaint that certain lay opinion evidence was erroneously permitted. There was also extensive expert opinion on the same matter, but no objection is made to that testimony.

A deputy sheriff was permitted to testify that the beans he picked up in the defendant's driveway were similar to or almost identical with the Birchmier beans. Objection was made that this called for an opinion for which no proper foundation had been laid, and that it invaded the province of the jury.

The objection that the admission of such testimony invaded the province of the jury is without merit. The general claim that a proper foundation had not been laid saves nothing for review on appeal. Hedges v. Conder, 166 N.W.2d 844, 856 (Iowa 1969). We discuss it only because the same problem is likely to arise upon retrial.

It is generally held a non-expert witness may express an opinion concerning the similarity of objects he has had an opportunity to observe and compare. 2 Jones on Evidence, Fifth Ed., section 406, page 759; 31 Am.Jur.2d, Expert and Opinion Evidence, section 126, page 628; 32 C.J.S. Evidence § 546(9), page 123. What we said in State v. McCarty, 179 N.W.2d 548, 551 (Iowa 1970) fully justifies the admission of such opinion evidence if there is first shown a proper factual foundation upon which it rests.

In the record before us, there is no evidence that the witness observed the beans still at the Birchmier farm after the theft. Without that, his testimony that the beans in defendant's driveway were similar to those remaining in the bin was indeed without proper foundation. We repeat, however, it was defendant's duty to specify this omission as a ground for his objection. The purpose of this requirement is to permit the error to be remedied, if possible, thus averting the necessity for a later reversal on appeal.

We cannot, of course, anticipate what the record will show on retrial. We can only say it was inadequate to support the testimony the first time.

The judgment is reversed and the case is remanded for retrial.

Reversed and remanded.

All Justices concur.