**STATE of Iowa, Appellee,**

v.

**Russell Francis ZUCH, Appellant.**

**No. 59719.**

Supreme Court of Iowa.

June 28, 1978.

John C. Wellman, Offender Advocate Office, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Dan L. Johnston, County Atty., for appellee.

Considered by MOORE, C. J., MASON,* REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of robbery

* Serving after June 14, 1978 by special assignment.

with aggravation in violation of §§ 711.1 and 711.2, The Code, 1975. The information filed March 24, 1976 specifically charged the defendant had robbed James Carlon, being at the time armed with a dangerous weapon with intent, if resisted, to kill or maim Carlon. The charge resulted from an incident in which the defendant and three others entered a Radio Shack store in Des Moines, tied up two employees and took money and merchandise. After trial to a jury, defendant was convicted and sentenced and now appeals. We reverse and remand for a new trial.

The robbery in question is alleged to have occurred on February 17, 1976, when the defendant and three accomplices entered the Radio Shack store at 3517 East 26th Street in Des Moines. All of the men had nylon stockings over their faces and the defendant and one of the accomplices were armed with handguns. The two employees in the store were told to lie on the floor, and their ankles and wrists were then tied with electrical cord and twine.

The automobile used by defendant and his accomplices in the robbery was a red, 1965 Oldsmobile VistaCruiser station wagon, and had been stolen from the Holmes Oldsmobile Used Car Lot in Des Moines on or about January 16, 1976. The automobile was recovered by the police department on February 26, 1976, when Officer Bedford of the Des Moines Police Department apprehended the defendant and one Stegmann, one of defendant's accomplices in the robbery when they were in possession of the stolen auto.

Before trial began, defendant's counsel dictated into the record a motion in limine seeking exclusion of evidence relating to the alleged larceny of the motor vehicle. After the motion was initially sustained the trial court later reversed itself, stating in its ruling the fact that the automobile was stolen was relevant to the issue as to whether the defendant intended to commit the robbery.

The record is inconclusive and we are unable to glean therefrom anything which would tend to connect Zuch with the actual theft of the automobile from the Holmes Automobile Used Car Lot. Zuch testified that he did not know the car was stolen until he was being transported in it to the scene of the robbery when he was advised by one of his confederates the car had been stolen.

One Murphy, a Des Moines police officer, testified that during the interrogation of the defendant after his arrest, defendant was questioned concerning other robberies which had taken place in the area and defense counsel objected to such testimony as being irrelevant and moved for a mistrial on the basis that the jury could draw an inference from the testimony of Officer Murphy that the defendant participated in the other crimes. Motion for mistrial was overruled, the court stating other evidence in the record established that the defendant had denied participation in the other crimes and that the testimony of Murphy did not directly link him with the commission of such other offenses. The trial court also observed that the testimony of Murphy was foundational evidence leading to the testimony of Murphy concerning defendant's statement as to his involvement in the robbery.

Police Officer Hutzel, who conducted the interrogation of the defendant at the police station, testified he had related to the defendant the fact that he, Hutzel, had hearsay information concerning the identity of the participants in the robbery, and Hutzel testified that defendant had first denied any involvement or knowledge of the robbery but later admitted he had participated therein and implicated his confederates, stating they had gone to the Radio Shack store in a stolen car.

James Billow, one of defendant's confederates, testified the station wagon used in the robbery had been stolen and also testified the gun used by the defendant was not loaded but that the handgun used by another accomplice, Larry Hitchcock, was loaded with three .38 caliber cartridges.

Defendant testified he participated in the robbery only because threats had been made against him by one of his accomplices, namely, Hitchcock.

The jury instructions were submitted to counsel at the close of the evidence and exceptions were taken to several of them by defendant's counsel. He specifically objected to instructions which apprised the jury of the fact the defendant could be found guilty of the charges made against him if the jury determined either the defendant or one of his confederates was armed with a dangerous weapon at the time of the commission of the offense. The defendant contended the State had elected to show the defendant was armed since the information mentioned no confederate, whereupon the prosecutor requested that the State be allowed to amend the information to conform to proof. Defendant objected to the application to amend on the ground it would deny the defendant a fair trial, since his defense had been centered around a showing the defendant was himself not armed with a dangerous weapon, that is to say, that the weapon which he exhibited at the time of the robbery was not loaded. The trial court concluded the case had been tried on the basis that there was an armed confederate, namely, Hitchcock, and that it would permit the State to amend its information and permit both theories to be argued but that defendant would be permitted to call additional witnesses if he desired. The defendant's counsel refused to call additional witnesses, stating their testimony would be unavailing as they would all assert the Fifth Amendment privilege against self-incrimination.

After the jury returned its verdict of guilty, the defendant moved for a new trial, asserting trial court erred in permitting testimony in the record that the vehicle employed in the commission of the robbery had been stolen. Motion for new trial was overruled and defendant was sentenced to incarceration.

The defendant states the following issues which he contends necessitate a reversal:

(1) The trial court erred in admitting evidence of other crimes for which the defendant had not been convicted.

(2) The trial court erred in permitting the amendment to the information after the close of all the evidence.

■ I. Evidence of other offenses by defendant must be relevant to the issues to be admissible, since "relevance is the basic principle upon which admissibility of such evidence turns." *State v. Wright*, 191 N.W.2d 638 at 640.

"In order to be relevant to the issues, the other offenses of which testimony can be offered must, as stated, be reasonably similar to the act on which the prosecution is based. There must be such connection between the offense charged and the other offenses that the latter can reasonably be said to tend to establish the first, or some essential fact in issue. In other words, the other offenses must be wrongful acts, crimes, offenses or attempted offenses of a like nature to the charge against accused. * * *." *State v. Fetters*, 202 N.W.2d 84, 92.

While we recognize there are a number of exceptions to the exclusionary rule which permit the use of otherwise prohibited evidence if it tends to prove an element of the crime for which a defendant is then on trial even though it establishes the commission of another offense, we conclude the trial court erroneously permitted evidence in the record that the automobile used in the commission of the robbery had been stolen.

■ The general exceptions which permit the reception of evidence of other crimes are (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, and (5) identity of the person charged with the commission of the crime. *State v. Wright*, 191 N.W.2d 638, 640 (Iowa 1971). We must determine whether the evidence that the car used in the robbery was stolen falls within one of the exceptions from the exclusionary rule. We conclude it does not.

In *State v. Wright*, 191 N.W.2d at 640, we said:

"There must be some factual issue raised to permit evidence of other crimes

under the noted exceptions. If no such issue exists, then the evidence is unnecessary and the exception may not be relied upon. We recognized this in *State v. Porter,* supra, 229 Iowa at [882] 886, 294 N.W. [898] at 900 (1940), where we said:

" 'Under other exceptions proof of other crimes may in certain cases be admissible to show intent or absence of mistake or accident. But these exceptions are not applicable to cases of this character because intent may, in such cases, be inferred from the manner of the act charged and scienter and purpose are not of the essence of the issue. * * *' ".

Continuing at pages 640–641 of 191 N.W.2d, we said:

"In other words, the evidence of other offenses lacked relevance to these elements in proving defendant guilty of the specific crime with which he was charged. And relevance is the basic principle upon which the admissibility of such evidence turns. (citations). * * *

" * * * Evidence of other crimes should never be admitted when it appears the defendant committed them wholly independent of the one for which he is then on trial. There must be some connection between the crimes."

We reach the inescapable conclusion that evidence to the effect the car used in the robbery had been stolen sometime prior to the commission of the offense for which the defendant was prosecuted cannot be said to establish the defendant's intention to commit the crime of robbery. The fact the vehicle was stolen was in no manner related to the crime for which defendant was prosecuted and the introduction into the record of evidence of the fact the car was stolen was impermissible and denied defendant a fair trial. This circumstance necessitates a reversal.

II. In his second issue stated for review, defendant asserts the trial court erred in permitting the State to amend its information after the close of the evidence. The original information charged defendant with robbery with aggravation by being armed with a dangerous weapon with in-

tent, if resisted, to kill or maim the victim. The amendment to the information, which was made in order to conform to the proof specified that a confederate of the defendant was also armed. In allowing the State to amend, the trial court permitted the defendant to present additional testimony, but the defendant's counsel refused to call other witnesses on the basis that they would claim their Fifth Amendment privilege against self-incrimination, and that calling them would avail nothing to the defendant. Defendant contends he was prejudiced and surprised by the filing of the amendment and was, therefore, denied a fair trial since his defense had been bottomed upon the allegations of the original information. The State contends, and we agree, the defendant could be found guilty of robbery with aggravation by proof that either the defendant or a confederate was armed with a dangerous weapon with the necessary intent so, therefore, the defendant was not prejudiced by the filing of the amendment, particularly in light of the fact the defendant was given a chance to present additional evidence.

We have said county attorney's informations may be amended to conform to proof before or during trial to correct errors or omissions in either form or substance. *State v. Sheffey,* 234 N.W.2d 92, 95–96 (Iowa 1975). See also *State v. Crutcher,* 174 N.W.2d 449, 452 (Iowa 1970). We conclude the trial court did not err in permitting the amendment to the information in this case.

In sum, we conclude the trial court was in error in permitting evidence of the fact that a stolen automobile had been employed by the defendant and his confederates in the commission of the crime for which he was prosecuted. The reception of such evidence denied the defendant a fair trial. We therefore reverse and remand this case for a new trial.

REVERSED AND REMANDED.