STATE of Iowa, Appellee,

v.

Terry Lee NELSON, Appellant.

No. 90–526.

Court of Appeals of Iowa.

Dec. 31, 1991.

John O. Moeller, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., William E. Davis, County Atty., and Teri A. Sandeman, Asst. County Atty., for appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

A jury found Terry Nelson guilty of possession of cocaine with intent to deliver and simple possession of marijuana. Nelson has appealed from the resulting convictions.

Nelson contends the district court should have suppressed evidence seized during a warranted search of his house. He argues the warrant was issued without probable cause. He also argues the warrant was based on misrepresentations and on unreliable information from confidential informants.

Nelson challenges the sufficiency of the evidence to prove he had possessed cocaine with the intent to deliver. He argues the evidence failed to establish the substance seized from his house was even cocaine.

He also argues the evidence failed to establish the cocaine found in the house belonged to him, or he was even aware of its presence. He suggests the State did not negate his theory the cocaine had been left in the house by a previous owner who died of a drug overdose. In addition, he argues the evidence failed to establish he was the source of cocaine found on guests in his house during the search.

Nelson further contends the district court abused its discretion by excluding his proposed evidence concerning the death by drug overdose of a previous owner of his house. As noted above, he suggests the cocaine found in the house might have been left there by the previous owner.

Nelson next contends the district court erred by admitting evidence several guests in his home were found to possess drugs or drug paraphernalia. The guests, except one, were searched either in Nelson's house during the execution of the warrant, or shortly after they had left Nelson's house. The other person was observed with Nelson's codefendant.

Finally, Nelson argues the sentencing court abused its discretion by imposing a sentence of imprisonment rather than probation, and also by refusing to waive the mandatory minimum period of incarceration.

We deal with the issues in the order presented.

## I. Search Warrant.

We consider first the search warrant issue. Nelson's basic complaint is the warrant did not contain enough reliable information to constitute probable cause. He complains the informants listed on the search warrant were not verified as sufficiently reliable. Additionally, he alleges the officer presenting the warrant application made knowingly false or reckless representations.

■ Because the constitutionality of the procedure used in obtaining the search warrant is at issue, our review is de novo. *State v. Niehaus,* 452 N.W.2d 184, 187 (Iowa 1990). The defendant bears the burden of proof to show the search warrant papers contained knowingly false or recklessly made statements. *State v. Groff,* 323 N.W.2d 204, 208 (Iowa 1982). To prove any recklessness, the defendant must show that the deputy "in fact entertained serious doubts" about the truth of his statements to the issuing magistrate. *Niehaus,* 452 N.W.2d at 187. In weighing the suppression evidence, we give deference to the magistrate's findings on witness credibility. *State v. Weir,* 414 N.W.2d 327, 330 (Iowa 1987). In evaluating the defendant's allegations about omitted information, we should review the search warrant papers broadly. Due to the preference for warrants, doubts are resolved in favor of their validity. *Id.*

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... concluding" that probable cause existed.

*Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983).

■ We have reviewed the facts of this case. We find sufficient additional information in the warrant application to substantiate the unknown informants' information. The informants stated a controlled buy could be conducted at a certain residence. Subsequently, two controlled buys were conducted there. Other information corroborates the informants as well.

We note the magistrate issuing the warrant did make the requisite finding of reliability. *See State v. Sykes,* 412 N.W.2d 578, 581–82 (Iowa 1987). Attachments to the affidavit provided the magistrate with sufficient substantiating information to make the necessary credibility determination. Additionally, at least one and possibly two informants were merely providing corroborating information in support of the pri-

mary informant. We affirm on the reliability of the informants issue.

We determine the defendant has not carried his burden to show the applying officer's statements were falsely or recklessly made. *See Weir*, 414 N.W.2d at 332. Indeed, the officer appears to have conducted a reasonably careful investigation of the case. The very purpose of a search warrant is to supply the missing information necessary to link a known suspect with a particular crime. The officer's statements appear to be reasonably supported by the known information at the time of the warrant application.

We find Nelson's other objections to the search warrant to be without merit. We affirm the trial court on the issuance of the warrant and the denial of the suppression motion.

## II. *Identifying Cocaine.*

Nelson next asserts the State failed to prove by competent evidence the substance seized from his residence was in fact cocaine. First, he argues the method used to identify the substance by the State's expert witness was unreliable. Second, he claims the trial court abused its discretion in allowing an amendment of the minutes of testimony to allow a new, more qualified expert to testify as to the nature of the substance. Third, Nelson objects to the admission of testimony by lay persons, especially the investigating officer, to the nature of the alleged controlled substances.

■ Our review on the admissibility of expert testimony is on abuse of discretion. *State v. Klindt*, 389 N.W.2d 670, 672 (Iowa 1986). In order to show an abuse of discretion, one generally must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976) (quoting *Weeks v. Burnor*, 132 Vt. 603, 606, 326 A.2d 138, 140 (1974)).

■ On the first issue, we determine the trial court did not abuse its discretion in admitting the expert testimony. The question is not whether the particular test, thin layer chromatography, is the best or most fool-proof test available. Rather the question is whether the testimony will aid the trier of fact in resolving a particular issue. *Klindt*, 389 N.W.2d at 672. The trial court must find the evidence reliable. *Id.* If reliability is shown, the trial court need not await approval by the scientific community. *Id.* We affirm the trial court on the admission of the State's expert testimony concerning the thin layer chromatography.

In considering Nelson's objection to the amendment of the minutes of testimony, we find it to be without merit. *See* Iowa Rule of Criminal Procedure 4(8).

■ Finally, we deal with the admission of testimony by the investigating officer the substance involved was cocaine. Nelson objects on the ground the officer is not an expert qualified to testify on the nature of the powdery white substance.

We turn to the Iowa Rules of Evidence for guidance. Iowa Rule of Evidence 702 provides:

### Testimony of Experts

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

The comment to this rule provides if the trial court is satisfied the threshold requirements of Iowa Rule of Evidence 104(a), relating to qualifications of witnesses, are satisfied, the court should allow the expert witness to testify.

A situation analogous to the present case was before the Iowa Supreme Court in *State v. Sykes*, 412 N.W.2d 578 (Iowa 1987). There the trial court allowed the investigating police officer to testify as an expert on the nature of the allegedly controlled substance, marijuana. *Id.* at 584. The supreme court held, due to the officer's "extensive experience investigating illegal drug use and sales," he possessed the necessary qualifications to render expert testimony. *Id.*

In the present case, the investigating officer identified both marijuana and cocaine as substances seized from Nelson. Nelson apparently concedes the correctness of the marijuana identification. He contests the officer's identification of cocaine, however.

This investigating officer has participated in hundreds of drug-related cases. He testified he could pick out cocaine from a line-up of various powdery substances. The trial court found his testimony credible. We generally rely on the trial court's determination of credibility of witnesses. *See, e.g.,* Iowa R.App.P. 14(f)(7). We determine the trial court did not abuse its discretion in allowing the officer to give expert testimony on the identity of the white powdery substance as cocaine. We affirm on this issue.

III. *Admission of the Crimes of Others.*

The State introduced, over Nelson's objections, testimony showing other persons who were stopped within several hours of the execution of the search warrant on Nelson's residence. Some of these persons were observed leaving the Nelson residence. At least one, however, was not seen leaving the Nelson residence. Apparently her only connection to Nelson was she was observed in the company of a codefendant. The State introduced evidence showing these persons had illegal drugs in their possession when they were stopped and searched within several hours of Nelson's arrest. The State apparently introduced this evidence under the "Other Crimes" exception on Iowa Rule of Evidence 404(b). Nelson objects to this testimony as irrelevant and unfairly prejudicial.

■ We turn first to Iowa Rule of Evidence 404(b). That section reads:

**Other Crimes, Wrongs, or Acts** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This section pertains to acts or other crimes *committed by the defendant.*

Exclusion of evidence of other crimes is based on the view that it is ordinarily not relevant. The exceptions are built around situations where the prior crime is relevant, not because the prior act tends to prove defendant is a bad person who has the capacity to commit bad acts, but because the prior act tends to establish an element in the pending prosecution.

The prior crime, if relevant under one of the exceptions, is admissible so long as its probative value outweighs its prejudicial effect.

*State v. Mendiola,* 360 N.W.2d 780, 782 (Iowa 1985) (citations omitted).

We have consistently held the admissibility of such evidence rests largely in the trial court's discretion, but this discretion operates within limits. In order for the evidence to be admissible it must be relevant. There must be such connection between the offense charged and the other offenses that the latter can reasonably be said to establish the former, or some essential fact in issue.

*Proof of the other offenses must be clear.* "Mere suspicion is not enough. There must be no room for speculation in the minds of the jury whether the similar crimes attempted to be shown actually were committed or not." As part of this burden, *the State must present clear proof that the defendant was culpable in the other acts in question.* Crimes of third persons are not relevant.

*State v. Johnson,* 224 N.W.2d 617, 620 (Iowa 1974) (citations omitted) (emphasis added); cited in *State v. Emerson,* 375 N.W.2d 256, 260 (Iowa 1985).

However, in order that evidence of other crimes of the accused be admissible under any of the exceptions to the general rule, there must be satisfactory proof that the accused was the person who committed the other acts in question. Obviously, evidence of crimes of third persons is not relevant to the issue. In the language of *State v. Wackernagel,* 118 Iowa 12, 14, 91 N.W. 761, 762,

" * * * in the absence of a showing that defendant was guilty of * * * [the other crime] the evidence should not have been received, * * *."

*State v. Porter*, 229 Iowa 882, 886, 294 N.W. 898, 900 (1940); *see also State v. Harper*, 222 N.W.2d 450, 452–53 (Iowa 1974).

The federal courts have dealt extensively with the introduction of evidence of other crimes. Where the allegation is the defendant committed the other crime sought to be introduced, the Eighth Circuit has required "plain, clear and conclusive" evidence. *United States v. Gocke*, 507 F.2d 820, 825 (8th Cir.1974); *United States v. Vaughn*, 486 F.2d 1318, 1321 (8th Cir.1973). While not requiring clear and convincing evidence, the en banc Fifth Circuit has stated:

> [A]s a predicate to a determination that the extrinsic evidence is relevant, the government must offer proof demonstrating that the defendant committed the offense. ... the task for the trial judge is to determine whether there is sufficient evidence for the jury to find that the defendant in fact committed the extrinsic offense.

*United States v. Beechum*, 582 F.2d 898, 912–13 (5th Cir.1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

The Fifth Circuit has established a two-prong test for admissibility:

> (1) Extrinsic offense evidence must be relevant "to an issue other than the defendant's character" and (2) it must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Rule of Evidence] 403.

*United States v. Krezdorn*, 639 F.2d 1327, 1331 (5th Cir.1981). The Fifth Circuit has further stated:

> If the uncharged offense is "so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other, the general rule of exclusion does not apply." [*Beechum*] 582 F.2d at 912 n. 15 (quoting Slough & Knightly,

*Other Vices, Other Crimes*, 41 Iowa L.Rev. 325, 331 (1956)).

\* \* \* \* \* \*

This exception applies when evidence of uncharged offenses is necessary to explain the circumstances or setting of the charged crime; in such a situation, the extrinsic evidence "complete[s] the story of the crime on trial by proving its immediate context of happenings near in time and place."

\* \* \* \* \* \*

Some courts have labeled this exception *res gestae*, an appellation that tends to merely obscure the analysis underlying the admissibility of the evidence. [*See also* McCormick, Law of Evidence § 190, at 558–59 (3rd ed. E. Cleary 1984).]

\* \* \* \* \* \*

> To introduce [evidence of other crimes by third parties], however, some independent evidence linking [the third parties and the defendant] is required.

*Krezdorn*, 639 F.2d at 1331–33.

This is sometimes referred to somewhat inaccurately as "res gestae." *Id.;* see also Garcia v. Aetna Casualty and Surety Co., *657 F.2d 652, 655 (5th Cir.1981).*

The federal courts have allowed evidence of crimes of persons other than the accused for other reasons as well. In *United States v. Vaughn*, the defendant's counsel on cross-examination attempted to impeach the main witness for the government, a narcotics investigator in the City of Des Moines. 486 F.2d at 1319–21. The prosecutor introduced testimony on redirect to rebut the defendant's impeachment of its main witness. *Id.* at 1320–21. The Eighth Circuit held the defendant opened the door on this issue. *Id.* at 1321–22; *see also* McCormick, Evidence § 190 at 564.

The Fifth Circuit in *United States v. Moreno*, also a drug case, allowed the government's key witness to testify on redirect on offenses of third persons. 649 F.2d 309, 313–17 (5th Cir.1981). In this case, the court held defendant opened the door on the issue by attempting to impeach one of the government's main witnesses. *Id.* at 316–17. The Fourth Circuit has al-

lowed evidence of crimes of third persons for impeachment purposes as well. *United States v. Stockton,* 788 F.2d 210, 219–20 (4th Cir.1986).

■ Apparently the State was attempting to show Nelson delivered the illegal drugs to these other persons. Delivery of cocaine is an essential element of the crime charged. We have reviewed the facts surrounding Nelson's arrest and the search of his residence. While the record does not appear to show the "clear" evidence required in this situation, we likewise cannot say such evidence was lacking. Rather, it seems the trial court utilized a standard other than the "clear evidence" of the defendant's culpability demanded by our supreme court.

We are reversing and remanding this case on another issue. On remand, the trial court shall determine whether Nelson's culpability for delivery of the drugs found on the others is supported by such clear evidence as to allow admission of this testimony. Alternatively, the evidence may be brought in for impeachment or other purpose. We believe *United States v. Vaughn,* 486 F.2d 1318 (8th Cir.1973), provides accurate guidance in this context. Absent sufficient evidence or necessity for these alternatives, the trial court shall not allow testimony concerning the possession of drugs by third parties. Regardless, the trial court shall allow only that testimony which is not unfairly prejudicial.

### IV. *Lack of Substantial Evidence.*

■ Nelson next claims the evidence introduced at trial was insufficient for conviction. We disagree. In doing so, we hold that even without the disputed evidence there is sufficient competent evidence to submit both charges to the jury.

### V. *Proof on Defense Theory.*

Nelson contends the trial court erred by excluding his evidence tending to show the cocaine found by the police was left there by a prior owner. Nelson sought to introduce documents showing the house had been formerly owned by a person who died of a drug overdose.

Apparently cocaine upon which the State based its possession with intent to deliver charge was found in the ceiling of Nelson's residence in an old lunch box. The defendant claims the scales found with the cocaine did not fit any equipment in his possession. The box was found with cobwebs, a rusty razor blade, old plastic bags deteriorated with age, and an old Tupperware container.

■ The evidence the defendant sought to introduce is probative on the issue of the source of the two ounces of cocaine. Indeed, that issue was one of the main issues at trial. The State's theory depended on the jury assuming Nelson was the source of that box and its contents. If Nelson could cast significant doubt on that assumption, it would materially help his case. The defendant is entitled to present evidence relevant to his theory of defense. *State v. Wilson,* 236 Iowa 429, 442–43, 19 N.W.2d 232 (1945); *State v. Kelly,* 196 Iowa 897, 902, 195 N.W. 614 (1923). Equally important, the jury is entitled to know the pertinent facts when reaching a verdict on the case. *See Wilson,* 236 Iowa at 443–44, 19 N.W.2d 232. Based on the evidence the defendant sought to introduce, a reasonable juror may have found the box was placed in the ceiling by someone other than Nelson.

We determine the trial court abused its discretion in excluding the evidence relevant to Nelson's theory of defense as it relates to the possession of cocaine with intent to deliver charge. We reverse on possession of cocaine with intent to deliver and remand for a new trial on that charge.

### VI. *Interviewing Witnesses.*

■ Nelson complains he was not allowed to informally interview one of the State's expert witnesses. Although we do not now address whether this constitutes reversible error, we do point out "There is no principle denying either the state or the defendant the right to confer with a witness who has been subpoenaed to testify." *State v. Ivy,* 300 N.W.2d 310, 311 (Iowa 1981).

The right of counsel on either side to consult with witnesses before examining

them as witnesses is a valuable right and should not be denied except by specific order of court for good reason. It should not be denied by implication. "Generally, the time, place, and manner in which the prosecuting [or defense] attorney interviews his witnesses is a matter within his own discretion." 23 C.J.S. Criminal Law § 1025, page 1104. *State v. Allison,* 260 Iowa 176, 180, 147 N.W.2d 910, 912 (1967). The *Allison* case concerns discussions with witnesses after sequestration. The rationale applies even more strongly in this case, where there is no sequestration order. Unless the trial court for good cause orders otherwise, counsel for either side should be allowed to freely consult with witnesses regardless of which side called them.

### VII. *Sentencing.*

Finally, Nelson complains the trial court abused its discretion by the sentence it imposed. Because we are remanding this case for a new trial on the cocaine charge, we do not address this issue. We do, however, point out we are reluctant to reverse a trial court's sentence unless it is shown to be illegal or out of all proportion to the offense actually committed. However, we find the trial court did not abuse its discretion as to the sentence that relates to the finding of guilt of possession of marijuana.

### VIII. *Marijuana.*

We do not believe the defendant seriously challenges the marijuana conviction. He appears to concede the existence of substantial evidence to support this charge and does not resist the sentence with the same vigor he did as it relates to the intent to deliver charge. Nonetheless, from our review of the record, we find there is sub-stantial evidence to support the conviction of possession of marijuana and, as previously noted, the trial court did not abuse its discretion when it imposed its sentence.

The ground we reverse on applies only to the intent to deliver cocaine charge. The defendant did not urge that particular defense theory insofar as possession of marijuana is concerned. The same is true as it relates to the "other crimes" testimony. In the main, the defendant urges this ground as to the cocaine charge. However, even assuming this testimony should not have been received, we conclude the defendant was not prejudiced thereby as it relates to the marijuana charge. We affirm as to the marijuana conviction.

### IX. *Summary.*

We reverse this case and remand for a new trial as to the possession of cocaine with intent to deliver charge. Our reversal is premised on the trial court's exclusion of Nelson's evidence regarding his theory of defense. On remand, the trial court shall consider whether there is clear evidence of Nelson's culpability in delivering drugs to third parties whose possession of drugs the State wishes to introduce, or whether another permissible reason would allow introduction of this evidence. The proceedings on remand shall not be otherwise inconsistent with this opinion. We affirm as to the possession of marijuana charge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.