■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MOY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 9, 1975, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction to one of robbery in the third degree and by vacating the sentence imposed. As so modified, judgment affirmed and case remanded to the Criminal Term for resentence. Appellant was indicted for robbery in the first degree, to wit, forcibly stealing money and displaying a firearm in the course of the commission of the crime and in the immediate flight therefrom (cf. Penal Law, § 160.15, subd 4). There was no allegation in the indictment that appellant was aided by another person actually present (cf. Penal Law, § 160.10, subd 1). At the trial there was testimony that appellant was actually accompanied by another person who, however, stayed in a car while appellant robbed the operator of a Fotomat booth. Criminal Term submitted all three degrees of robbery to the jury, in the alternative, but instructed that the jury should find appellant guilty of robbery in the second degree if it found that he was aided by an accomplice. The jury returned a verdict of guilty as to robbery in the second degree. In view of the fact that no "accomplice theory" of prosecution was presented by the indictment, appellant's constitutional right to be tried for a felony only upon indictment was violated (see NY Const, art I, § 6; *People v Miles,* 289 NY 360; *People v Houppert,* 28 AD2d 807). Here, there was no application by the People to amend the indictment, which was done, in essence, *sua sponte,* by Criminal Term (cf. CPL 200.70, subd 1). Robbery in the second degree, as submitted to the jury, is not a lesser included offense of robbery in the first degree, since the presence of

an accomplice is not a necessary element of the latter crime (see *People v Acevedo,* 40 NY2d 701). Nor is it of any consequence that no objection was taken, since fundamental rights were here violated (see *People v Miles, supra; Matter of Simonson v Cahn,* 27 NY2d 1, 3–4; see, also, *People v Santana,* 42 AD2d 869). In convicting appellant of robbery in the second degree, the jury necessarily found that he forcibly stole property (see Penal Law, § 160.10). Accordingly, his conviction should be modified to one of robbery in the third degree (see Penal Law, § 160.05). Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.