STATE of Iowa, Appellee,

v.

Ronald Arthur MASSEY, Appellant.

No. 61268.

Supreme Court of Iowa.

Feb. 21, 1979.

Alfredo G. Parrish, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., J. Susan Allender, West Des Moines, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK and LARSON, JJ.

McCORMICK, Justice.

We granted further review of a decision of the Court of Appeals affirming defendant Ronald Arthur Massey's conviction by jury and sentence for keeping a house of ill fame in violation of § 724.3, The Code, 1977. He contends the trial court erred in ruling on evidence and in instructing the jury. We vacate the decision of the Court of Appeals and reverse the trial court because of trial court errors in admitting reputation evidence and in instructing upon prostitution.

█ The statutes involved in this case were repealed as part of the criminal law revision effective January 1, 1978, but this prosecution was unaffected by that event. See § 801.5, 1977 Code Supp.

The jury could find from the evidence that at the times material here defendant operated a business involving the sale of sexual services in Des Moines under the name "Leisure Spa". These services included "massages" and sexual intercourse. The massages were similar to those described in

our opinion in *State ex rel. Clemens v. Toneca, Inc.,* 265 N.W.2d 909 (Iowa 1978). The State's evidence showing these activities came from a former employee of defendant and several undercover officers.

Three State witnesses also testified that the Leisure Spa had a general reputation as a front for prostitution. Defendant objected to this testimony on the ground that the foundation requisites specified in *State v. Hobbs,* 172 N.W.2d 268 (Iowa 1969), were not met, but the trial court overruled the objections after holding the *Hobbs* requirements did not apply to reputation evidence admitted pursuant to § 724.4, The Code, 1977.

Then, in instructing the jury on the nature of the charge, the trial court defined prostitution as "the performance of a sex act or acts for pecuniary gain". Defendant made a timely objection to the instruction, alleging that prostitution was limited to sexual intercourse for pecuniary gain. The trial court overruled the objection "despite what the cases seem to say."

We hold that the court erred in overruling defendant's objections to the reputation evidence and to the instruction on the offense.

Because these errors require reversal, we do not reach defendant's other claims. They involve matters which should not occur upon retrial.

■ I. *Reputation evidence.* Under § 724.4 the State was authorized to introduce evidence of the general reputation of the Leisure Spa as a house of ill fame. The actual character of the premises was an element of the offense, and reputation testimony was admissible as evidence of such character. See *State v. Mauch,* 236 Iowa 217, 219, 17 N.W.2d 536, 537 (1945) ("guilt is usually established by proof of facts and circumstances which are badges of a bawdy house, and testimony of its reputation as such"); see I Wigmore on Evidence § 78 (Third Ed. 1940).

In *State v. Hobbs,* 172 N.W.2d 268 (Iowa 1969), this court delineated foundation requirements for testimony about an ac-

cused's reputation. They are: "(1) The background, occupation, residence, etc., of the character witness, (2) His familiarity and ability to identify the party whose general reputation was the subject of comment, (3) Whether there have in fact been comments concerning the party's reputation for a given trait, (4) The exact place of these comments, (5) The generality of these comments, many or few in number, (6) Whether from a limited group or class as opposed to a general cross-section of the community, (7) When and how long a period of time the comments have been made". *Id.* at 272.

■ The foundation for evidence of the general reputation of defendant's premises in the present case was seriously deficient in several of these particulars. However, the State argues the *Hobbs* requisites are inapplicable under § 724.4. We have not previously decided this issue.

However, under an analogous statute involving an alleged liquor nuisance, this court held that the general reputation of a place is subject to the same standard as the general reputation of a person. See *State v. Pickett,* 202 Iowa 1321, 1325, 210 N.W. 782, 783 (1926) ("A general reputation refers to what is said of a person or place generally in the community. It cannot be proven by the statement of one or two individuals, but must be such as is generally current in the community."). In that case the court held it was error to allow police officers to testify to the reputation of a place among themselves.

Reputation evidence is based on hearsay, and its reliability is dependent upon the factors included in the *Hobbs* foundation requisites. We see no reason why the evidence of the general reputation of a place has less need for reliability than evidence of the general reputation of a person. In either situation the evidence may lead to a defendant's conviction of serious crime.

We hold that the *Hobbs* foundation requirements are applicable under § 724.4. The only difference is that the word "place" should be substituted for the word "party" in foundation elements (2) and (3). Because

the foundation requirements were not met in this case, the trial court erred in overruling defendant's objections to the State's reputation evidence.

■ II. *The definition of prostitution.* As used in § 724.3, The Code, 1977, prostitution meant the act or practice of a female in offering her body for sexual intercourse for pecuniary gain. *State ex rel. Clemens v. Toneca, Inc.,* 265 N.W.2d 909, 913 (Iowa 1978). This case does not involve the term as used and defined in the new criminal code.

The trial court incorrectly defined prostitution in the present case.

III. *Effect of the errors.* The Court of Appeals held that any errors in admitting the reputation evidence and in defining prostitution were nonprejudicial. We do not agree.

■ When a trial court error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice. *State v. Trudo,* 253 N.W.2d 101 (Iowa 1977). We believe it sufficiently appears that defendant's rights suffered the requisite harm in the present case.

By his plea of not guilty, defendant denied that his business was a house of prostitution. Even though he also defended on the theory that any prostitution on the premises occurred without his knowledge, he did not admit that prostitution did occur there. He vigorously cross-examined and sought to impeach witnesses on that issue.

We do not think anything in the record is sufficient to dissipate the presumption of prejudice which arises from the erroneous rulings admitting the reputation testimony.

In holding that the erroneous definition of prostitution was nonprejudicial, the Court of Appeals reasoned that no harm resulted because the conduct defined by the trial court would be included in a definition of lewdness and § 724.3 also proscribes keeping a house which is resorted to for the purpose of lewdness. The problem with

this holding is that we have held the term lewdness in chapter 724 is unconstitutionally vague insofar as it purports to encompass conduct beyond sexual intercourse for pecuniary gain. See *State ex rel. Clemens v. Toneca,* supra. The trial court's definition of prostitution was therefore also an incorrect definition of lewdness.

Acknowledging this, the State now contends the erroneous definition was nonprejudicial because of overwhelming evidence that prostitution did occur on the premises.

One problem with this contention is that the erroneously admitted reputation evidence constituted a substantial part of the State's proof on this issue. Another problem is that the evidence was not so strong as to oblige the jury as a matter of law to believe it. We think defendant was entitled to have the jury decide the issue under correct instructions and upon admissible evidence.

Defendant is entitled to a new trial.

Judgment of Court of Appeals Vacated; Judgment of the District Court Reversed.