**STATE of Iowa, Appellee,**

v.

**Henry Allen HANNA, Appellant.**

**No. 62221.**

Supreme Court of Iowa.

April 25, 1979.

Rehearing Denied May 24, 1979.

Gordon Liles, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., Ann Fitzgibbons, Asst. Atty. Gen., and Robert N. Johnson III, Lee County Atty., Fort Madison, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McGIVERIN, and LARSON, JJ.

LeGRAND, Justice.

The events leading to this appeal began when defendant, originally charged with assault with intent to commit murder in violation of § 690.6, The Code, 1977, was convicted of the included offense of assault with intent to inflict great bodily injury, § 694.6. While the charges were pending, the county attorney filed a supplementary information accusing defendant of the "crime" of being a habitual criminal and asking that he be sentenced under § 747.5, The Code, 1977. Eventually defendant was sentenced under that section, a judgment from which he now appeals. We affirm the trial court.

The defendant raises several issue as grounds for reversal. We discuss them as argued by him.

I. Defendant's principal complaint concerns his assertion the trial court erred in refusing to try him under the provisions of the new Iowa Criminal Code, which became effective January 1, 1978, after the offense but before trial.

Defendant's argument goes like this. The offense occurred on November 27, 1977. He was convicted on March 22, 1978. His

request to be tried under the Iowa Criminal Code was denied. This became of vital importance later when the jury returned its verdict on the included offense. Under § 694.6, The Code, 1977, assault with intent to inflict great bodily injury was a felony. The comparable crime under the new criminal code (assault with intent to inflict a serious injury, § 708.2, Supplement to the Code of Iowa, 1977) is an aggravated misdemeanor.

Thus, had defendant's request been granted, he would not have been subject to sentence under the habitual criminal statute, which requires a *felony* conviction before the enhanced punishment may be imposed.

A resolution of this issue depends upon the meaning of § 801.5, Supplement to the Code of Iowa, 1977, the pertinent part of which we now set out:

1. Except as provided in subsections 2 and 3 of this section, this Act does not apply to offenses committed before its effective date. *Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Act were not in force.* For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.

2. In any case pending on or commenced after the effective date of this Act, involving an offense committed before that date:

a. Upon the request of the defendant a defense or mitigation under this Act, whether specifically provided for herein or based upon the failure of the Act to define an applicable offense, shall apply; and

b. Upon the request of the defendant and the approval of the court:

(1) Procedural provisions of this Act shall apply insofar as they are justly applicable; and

(2) The court may impose a sentence or suspended imposition of a sentence under the provisions of this Act applicable to the offense and the offender. (Emphasis added.)

Defendant, of course, comes squarely within the italicized portion of the statute. However, he attempts to avoid the impact of that provision by reliance on subdivision (2) of § 801.5, in which the legislature provided several options between the new and old criminal statutes.

We are concerned here only with § 801.-5(2)(a), giving defendant, on request, the benefit of any "defense or mitigation under this Act" even though the offense was committed before January 1, 1978, the effective date of the new law.

The question is whether § 708.2 of the Iowa Criminal Code changing the status of the offense from felony to misdemeanor constitutes a. mitigation under the statute. If it does, defendant was entitled to have the benefit of the reduced charge.

This matter has already been decided against defendant (under even stronger circumstances) in *State v. Buck*, 275 N.W.2d 194, 195 (Iowa 1979) and in *State v. Massey*, 275 N.W.2d 436, 437 (Iowa 1979). In *Buck*, relying on § 801.5, Supplement to the Code of Iowa, 1977, to answer a similar claim, we held the defendant could be convicted of conduct which, under the new criminal code, was no longer criminal at all. We quote from that opinion:

Defendant was charged under § 725.10, The Code, 1975, which defined the acts [of lascivious conduct] and proscribed them with any person under the age of 16. Under the 1977 Supplement the same conduct is now proscribed with any child under the age of 14 years. § 709.8. Defendant argues that, since he was sentenced pursuant to the provisions of the 1977 Supplement, he should not be punished for conduct not proscribed in the 1977 Supplement.

In this contention defendant is faced immediately by § 801.5(1), The Code, Supp., 1977. It provides that the Supplement does not apply to any offenses committed before its effective date. According to this section prosecutions for of-

fenses previously committed are to be governed by prior law.

The matter is troublesome because the statute does not define "mitigation." As pointed out in *State v. Smith*, 324 A.2d 203, 206–07 (Del.1974), the term is susceptible of the meaning for which defendant argues. Be that as it may, we are controlled here by our *Buck* and *Massey* decisions. We therefore hold defendant was properly convicted under § 694.6, The Code, 1977.

■ II. Defendant's next objection is that he was not arraigned on the "crime" of being a habitual criminal until after the jury had been impaneled for his trial on the charge of assault with intent to commit murder.

■ The trouble with this claim is that being a habitual criminal is not a crime, even though it was repeatedly referred to as one during these proceedings. The habitual criminal statute goes only to the punishment meted out to one who has committed multiple designated offenses. This is the universal rule and one which we have applied in numerous cases. *See State v. Biggles*, 235 N.W.2d 112, 112 (Iowa 1975), where we said:

> Defendant cites no authority for the proposition the increased sentence [under § 747.5, The Code] may only be imposed following an additional guilty verdict or formal guilty plea. To the contrary, the universal rule holds the recidivist laws do not define an additional or different crime but merely go to the issue of punishment. Proceedings under such statutes are for identification only. (Citations omitted.)

*See also Wessling v. Bennett*, 410 F.2d 205, 208 (8th Cir. 1969), *cert. denied* 396 U.S. 945, 90 S.Ct. 384, 24 L.Ed.2d 248 (1969). It is sufficient answer to defendant to point out he need not have been arraigned at all. The original information could have been amended to ask that defendant, upon conviction, be sentenced as a habitual criminal. *See State v. Robinson*, 165 N.W.2d 802, 804 (Iowa 1969).

■ III. Next the defendant claims that the trial court erred in permitting the jury to hear evidence of three prior convictions and commitments when the code requires that only two need be established. This hardly merits serious discussion. The state *must* show two prior convictions and commitments. There is no prohibition against introducing evidence concerning more than two. The most obvious answer to defendant's argument is that the jury may disbelieve the evidence concerning one or more of the convictions and the state may establish as many as it can in order to avoid the possibility of failing to prove the necessary two.

Defendant's further argument that this permits the state to prove other crimes, contrary to the general rule, is specious. The enhanced punishment statute *compels* proof of other crimes before it becomes operative. The purpose of such proof is for identification only. *State v. Biggles*, 235 N.W.2d at 113. This is·one of the exceptions to the general rule. *State v. Zuch*, 267 N.W.2d 52, 54 (Iowa 1978).

■ V. The defendant's last complaint is that the state failed to prove venue. Although there is some language in *State v. Youngbear*, 229 N.W.2d 728, 733–34 (Iowa 1975), *cert. denied*, 423 U.S. 1018, 96 S.Ct. 455, 46 L.Ed.2d 390, to support the argument that venue must be established by the state, our later cases make it clear venue objections may not be raised except by motion prior to trial. *State v. Wedelstedt*, 263 N.W.2d 894, 897 (Iowa 1978); *State v. Bahl*, 242 N.W.2d 298, 303 (Iowa 1976); *State v. Donnelly*, 242 N.W.2d 295, 298 (Iowa 1976).

■ Under § 753.2, The Code, 1977 (now § 803.2, The Code, 1979), any objection to venue is waived unless·raised before trial. The purpose of this provision is to require a pretrial determination of that issue by the trial court. Defendant's objection came too late in this case.

■ VI. Some comment should be made concerning defendant's sentence to a term of not more than fifteen years (as provided in § 902.9, Supplement to the Code) al-

though § 747.5, The Code, 1977, specifies a term of not more than twenty-five years. Referring again to the new Iowa Criminal Code, we point out § 801.5(2)(b)(2) authorizes sentence to be imposed under the new law even though the conviction was had under the old. *See State v. Buck*, 275 N.W.2d at 196; *cf. State v. Bousman*, Iowa, 278 N.W.2d 15 (1979).

Finding no reversible error the judgment of the trial court is affirmed.

AFFIRMED.