Mary Kathryn FITZ, Appellant,

v.

Howard P. DOLYAK, D.O., Appellee.

No. 82–2165.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1983.

Decided June 19, 1983.

David L. Phipps, Kenneth W. Biermacher, Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, Iowa, for appellee.

Charles A. Coppola, Coppola, Coppola & Clark, Des Moines, Iowa, for appellant.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and RENNER,* District Judge.

RENNER, District Judge.

Mary Kathryn Fitz appeals from the district court's[1] dismissal of this medical malpractice action on the ground that it is barred by Iowa's Limitation of Action Statute, Iowa Code § 614.1(9) (1979). She challenges the court's finding that § 614.1(9) does not deny her equal protection or due process. We affirm.

## I. BACKGROUND

In a complaint filed February 25, 1981, Fitz alleged that in 1968, Howard P. Dolyak, D.O., injected her breasts with liquid silicone pursuant to their contractual arrangement, but that the injection was performed negligently and without adequate warning of possible dangers. Fitz further alleged that she discovered Dolyak's negligence on or about December 12, 1979.

Dolyak moved to dismiss on the ground that the action was barred by Iowa Code § 614.1(9) (1979) which imposes an absolute six year limitation on medical malpractice actions except in cases where "a foreign object unintentionally left in the body caused the injury or death." Fitz argued in response to the motion that the six year limit deprived her of due process in violation of both the United States and Iowa constitutions. The district court rejected that argument. Nevertheless, it denied the motion to dismiss to allow Fitz to develop her contention that Dolyak's absence from the state tolled the statute of limitations.

A somewhat disorderly series of motions and responses ensued. Fitz filed a motion to reconsider the district court's ruling on the due process issue. This was denied. Shortly thereafter, Dolyak moved for summary judgment on the tolling issue. Fitz did not immediately respond to this motion; instead, she appealed the order denying her motion to reconsider. The appeal was dismissed and, on February 5, 1982, Fitz moved to amend her complaint to allege fraudulent concealment of various matters relative to her treatment. Dolyak filed a resistance to the motion. In her supplemental reply brief, Fitz not only further supported her motion to amend, but argued for the first time that application of § 614.1(9) to this action constituted a denial of equal protection under the United States and Iowa constitutions.

By order dated May 5, 1982, the district court granted Dolyak's motion for summary judgment as to the original complaint. Judgment was not entered on that order, however, because the court further ordered Dolyak to respond to the equal protection argument. It also reserved ruling on Fitz's motion to amend pending resolution of the equal protection question.

Finally, on September 9, 1982, the district court held that the statute did not operate

---

* Robert G. Renner, District Judge, District of Minnesota, sitting by designation.

1. The Hon. W.C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

to deprive Fitz of equal protection and denied the motion to amend as futile. She appeals from the judgment of dismissal entered pursuant to that order.

## II. ANALYSIS

■ Fitz challenges the application of the following statute of limitation as it applies to an action for medical malpractice arising out of liquid silicone injections:

Iowa Stat. § 614.1. Period. Actions may be brought within the terms herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specifically declared:

  *   *   *   *   *   *

9. *Malpractice.* Those founded on injuries to the person or wrongful death against any physician and surgeon, osteopath, osteopathic physician and Surgeon, dentist, podiatrist, optometrist, pharmacist, chiropractor, or nurse, licensed under Chapter 147, or a hospital licensed under chapter 135B, arising out of patient care, within two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of, the injury or death for which damages are·sought in the action, whichever of the dates occurs first, but in no event shall any action be brought more than six years after the date on which occurred the act or omission or occurrence alleged in the action to have been˙the cause of the injury or death unless a foreign object unintentionally left in the body caused the injury or death.

She argues that the distinction drawn in this statute between medical malpractice actions generally and those which arise from a foreign object left unintentionally in the body denies her equal protection under both the 14th Amendment to the United States Constitution and Iowa Const. Art. I, § 6 which provides that the Iowa General Assembly "shall not grant to any citizen or class of citizens privileges or immunities which, upon the same terms, shall not equally belong to all citizens. The equal protection analysis is the same under both federal and state law, *Rudolph v. Iowa Methodist Medical Center,* 293 N.W.2d 550, 557 (Iowa, 1980), although state courts may construe their own statutes more strictly than do federal courts. *See Prune Yard Shopping Center v. Robins,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980).

■ We agree with the district court that the proper level of analysis here is the rational basis test. As the majority of courts have held, legislation regulating medical malpractice litigation involves neither a suspect classification,[2] nor a fundamental right[3] so the strict scrutiny standard is inappropriate. *See, e.g., Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1174–75 (5th Cir.1979); *Seoane v. Ortho Pharmaceuticals, Inc.,* 472 F.Supp. 468 at 471, 472 (E.D.La.) aff'd 660 F.2d 146 (5th Cir.1981); *Rudolph,* 293 N.W.2d at 557. The heightened scrutiny test is similarly inappropriate since this case involves none of the classifications to which the Supreme Court has applied an intermediate standard of statutory review. *Cf. Levi v. Louisiana,* 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1967) (classification based on illegitimacy); *Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (classification based on age); *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) (classification based on gender).

■ Thus, the issue to be decided is whether the distinction drawn in § 614.1(9) between medical malpractice claimants in general and medical malpractice claimants whose cases arise out of the unintentional leaving of foreign objects in the body has any rational relationship to a legitimate state purpose. *See McGowan v. Maryland,* 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1104–05,

---

**2.** *See, e.g., Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage); *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (race).

**3.** *Kramer v. Union Free School Dist. No. 15,* 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969) (right to vote); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (right to travel).

6 L.Ed.2d 393 (1961); *Conners v. Fettkether,* 294 N.W.2d 61, 62 (Iowa 1980). Since a presumption of constitutionality attaches to state legislative enactments, *see Schilb v. Kuebel,* 404 U.S. 357, 364, 92 S.Ct. 479, 484, 30 L.Ed.2d 502 (1971), a party seeking to challenge a statute under this standard bears a heavy burden. *See Franks v. Kohl,* 286 N.W.2d 663, 669 (Iowa 1979). Fitz has failed to meet this burden.

As the court recognized in *Owens v. White,* 380 F.2d 310, 315 (9th Cir.1967), the purpose of statutes of limitation is to prevent fraudulent and stale actions from arising after a great lapse of time while preserving for a reasonable period the right to pursue a claim. Although one state supreme court has held to the contrary in its analysis of a similar statute, *see Carson v. Maurer,* 120 R.I. 925, 424 A.2d 825 (1980), we find that a distinction between foreign object cases and other malpractice cases could rationally be found to further this legislative purpose. In contrast to the propriety of a diagnosis or adequacy of treatment, the presence or absence of foreign objects inadvertently left in the body may be easily verified after the passage of time. That the distinction drawn by the legislature is not sufficiently broad or that a classification operates harshly in a particular case is not grounds for a finding that it is unconstitutional. *See Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). We are unpersuaded by the reasoning of *Carson* and decline to follow it.

Fitz also argues that the six year absolute limit constitutes a denial of due process because it bars her right to an action before the damages accrued. In discussing a similar argument advanced in *Jewson v. Mayo Clinic,* 691 F.2d 405 (8th Cir.1982), we noted that statutes of limitation are by definition arbitrary and will be upheld unless otherwise unreasonable. *Id.* at 411, citing *Ornstein v. Regan,* 604 F.2d 212, 214 (2d Cir.1979). Many states have declined to adopt a discovery rule under any circumstances. *See, e.g., Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc.,* 291 Minn. 145, 190 N.W.2d 77 (1971). In addition, a majority of states which have such a rule have also adopted an absolute bar such as that contained in Iowa Code § 614.1(9) (1979). *See Jewson,* 691 F.2d at 410, n. 10. Iowa's six-year limit does not violate Fritz' due process rights.

The judgment of the district court is affirmed.