# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3974

_____

Estate of Joseph L. Branson, by and &ast; \
through Randy Branson and Pennie &ast; \
Branson, Administrators; Pennie &ast; \
Branson; Randy Branson, Individually &ast; \
and as Parents and Next Best Friends &ast; \
of Anthony E. Branson, a Minor, &ast; \
Travis G. Branson, a Minor, Ashley M. &ast; \
Branson, a Minor and Heidi C. &ast; \
Branson, a Minor; Anthony E. Branson, &ast; \
a Minor; Travis G. Branson, a Minor; &ast; Appeal from the United States \
Ashley M. Branson, a Minor; &ast; District Court for the \
Heidi C. Branson, a Minor, &ast; Southern District of Iowa. \
&ast; \
Appellants, &ast; \
&ast; \
v. &ast; \
&ast; \
O.F. Mossberg & Sons, Inc., doing &ast; \
business as Mossberg, &ast; \
&ast; \
Appellee. &ast;

_____

Submitted: June 14, 2000 \
Filed: August 9, 2000

_____

Before BOWMAN, FLOYD R. GIBSON,[1] and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

On September 7, 1997, Joseph Branson was killed by a gunshot blast from a Mossberg shotgun accidently discharged by a friend. His estate and family (collectively, Branson) brought this suit alleging that the shotgun, manufactured and sold in 1976, was defective in both operation and design. The District Court[2] granted summary judgment to defendant Mossberg on the ground that Branson's suit is barred by Iowa's fifteen year statute of repose for product liability actions. On appeal, Branson argues that Iowa's statute of repose violates Article I, Section 6 of the Iowa Constitution, as well as the due process and equal protection provisions of the state and federal constitutions. We affirm.

The parties agree that the statute of repose, if constitutional, bars this suit. We thus face a pure issue of law, which we review de novo. In essence, Iowa's statute of repose bars actions against the manufacturer or distributor of a product more than fifteen years after the product was first purchased.[3] We believe Iowa's statute of repose

_____

[1]Complications from an automobile accident have prevented Judge Gibson from reviewing this opinion prior to its being filed.

[2] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

[3] The statute provides in relevant part:

> Those [actions] founded on the death of a person or injuries to the person or property brought against the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of a product based upon an alleged defect in the design, inspection, testing, manufacturing, formulation, marketing, packaging, warning, labeling of the product, or

is free of constitutional defect. The Iowa Supreme Court's reviews of a similar statute of repose regarding improvements to real property, see Iowa Code § 614.1(11), found the statute to have a rational basis[4] and thus concluded that it did not violate the equal protection and due process provisions of the Iowa Constitution. See Krull v. Thermogas Co., 522 N.W.2d 607, 613-15 (Iowa 1994) (equal protection); Bob McKiness Excavating & Grading, Inc. v. Morton Bldgs., Inc., 507 N.W.2d 405, 410 (Iowa 1993) (due process). Additionally, this Court has found products liability statutes of repose from Nebraska and South Dakota not violative of the federal constitution's due process and equal protection provisions. See Norwest Bank v. W.R. Grace & Co., 960 F.2d 754, 756-58 (8th Cir. 1992); Van Den Hul v. Baltic Farmers Elevator Co., 716 F.2d 504, 510-12 (8th Cir. 1983). Finally, we see no merit in Branson's contention that the statute of repose violates an open courts provision allegedly contained within Article I, Section 6 of the Iowa Constitution. See Iowa Const. art. I., § 6 ("All laws of a general nature shall have a uniform operation; the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens."). We have found no cases, and Branson points us to none, which have interpreted this section

---

any other alleged defect or failure of whatever nature or kind, based on the theories of strict liability in tort, negligence, or breach of an implied warranty shall not be commenced more than fifteen years after the product was first purchased, leased, bailed, or installed for use or consumption unless expressly warranted for a longer period of time by the manufacturer, assembler, designer, supplier of specifications, seller, lessor, or distributor of the product.

Iowa Code § 614.1(2A)(a) (1999).

[4] Contrary to Branson's assertion that the Iowa legislature or Mossberg had the burden to show a rational basis for the statute, state statutes are presumed constitutional, and the plaintiff has the burden to show otherwise. See Fitz v. Dolyak, 712 F.2d 330, 333 (8th Cir. 1983).

of the Iowa Constitution to provide a right to open courts.  Even assuming that such a right exists in Iowa, we are not convinced that the statute of repose would violate it. See Van Den Hul, 716 F.2d at 512 (holding that South Dakota's products liability statute of repose does not violate South Dakota constitutional provision providing that "[a]ll courts shall be open").

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.