# IN THE COURT OF APPEALS OF IOWA

No. 16-1303
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARCOS FIDEL CASTANEDA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wright County, Christopher C. Foy,

Judge.


        Marcos Fidel Castaneda appeals from the judgment and sentence entered

upon his conviction of attempted murder.  **AFFIRMED.**


        Benjamin D. Bergmann and Gina Messamer of Parrish Kruidenier Dunn

Boles Gribble Gentry Brown & Bergmann, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant

Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Marcos Fidel Castaneda guilty of attempted murder. On appeal, Castaneda argues (1) the evidence was insufficient to support the intent element of the crime, and (2) the district court erred in allowing a State-procured interpreter to provide interpretive services during the trial.

## I.     *Sufficiency of the Evidence*

The jury was instructed the State would have to prove the following elements of attempted murder:

> 1. On or about February 14, 2016, Defendant shot Hugo Salinas with a firearm.
> 2. By his acts, Defendant expected to set in motion a force or chain of events which would cause or result in the death of Hugo Salinas.
> 3. When Defendant acted, he specifically intended to cause the death of Hugo Salinas.

Castaneda does not dispute that he shot Salinas with a firearm, but he argues "the evidence was insufficient to prove [he] intended to cause the death of Mr. Salinas." We will uphold the jury's finding of guilt if it is supported by substantial evidence. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

A reasonable juror could have found the following facts. Castaneda had a relationship with a woman. In time, the woman began dating another man, Hugo Salinas. When Castaneda learned of this relationship, he became angry. After running into his former girlfriend and Salinas, he sent a text message stating, "Take care of your new boyfriend." The same evening, Castaneda followed the couple to their apartment, parked next to them, got out of his vehicle with a .22 caliber long rifle, and shot Salinas in the chest. He left, returned, and shot Salinas again in the head. A subsequent search of

Castaneda's vehicle uncovered an open package of .22 bullets and a spent casing. The rifle Castaneda used required manual insertion of each cartridge and manual release of a locking device before each firing. Based on these facts, the jury reasonably could have determined that Castaneda specifically intended to cause the death of Salinas. We therefore conclude the challenged element was supported by substantial evidence.

## II.    *Interpreter*

During trial, the prosecutor advised the court that Salinas would require an interpreter. The prosecutor presented an interpreter to the court for questioning. When the court inquired about the delayed notification, the interpreter stated another interpreter was originally selected and he, in turn, contacted her to appear in his stead.

On appeal, Castaneda argues the prosecutor's unilateral decision to select an interpreter violated our court rules. *See* Iowa Ct. R. 47.3(2) ("An attorney must file an application for appointment of a court interpreter with the clerk of court as soon as the attorney learns that the attorney's client or a witness for a client needs an interpreter for a court proceeding."). In response, the State concedes the prosecutor's "method of procuring an interpreter did not comply with" the rule but argues Castaneda failed to show "he suffered any prejudice as a result of the procedure."

"When the error is not of constitutional magnitude, the test of prejudice is whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *State v. Gansz*, 376 N.W.2d 887, 891 (Iowa 1985). Prejudice is presumed unless the

record affirmatively establishes the contrary. *Id.* The record affirmatively establishes the contrary.

The interpreter who appeared at trial was a Class A certified reporter with more than a decade of experience. *See* Iowa Ct. R. 47.4(1) (defining Class A oral language court interpreters). Castaneda does not challenge these credentials.

Castaneda asserts "[t]he State provided the interpreter with the Trial Information and the summary of Mr. Salina[s'] testimony from the Minutes of Testimony," which created an "appearance of impropriety." However, the interpreter advised the court she only "received a Trial Information page."[1] Receipt of the trial information page did not prejudice Castaneda because trial informations are publicly-filed documents that are routinely read to juries. *See* Iowa R. Crim. P. 2.5(1), *id.* R. 2.19(1)(a)(1) ("The clerk or prosecuting attorney must read the accusation from the indictment or the supplemental indictment, as appropriate, and state the defendant's plea to the jury."); *cf.* Iowa R. Crim. P. 2.6(5) (prohibiting reading of indictment containing allegations of prior convictions); *State v. Cook*, 565 N.W.2d 611, 614 (Iowa 1997) ("[R]ule 6(5) is a mechanical device to withhold prejudicial allegations of prior violations from the jury."). If a jury may know the charges contained in the trial information, it can hardly be prejudicial for an interpreter to know the charges. There was no appearance of impropriety because the interpreter received nothing more than a juror would have received. In addition, the interpreter advised the court she did

---

[1] The prosecutor furnished a summary of Salinas' testimony from the minutes of testimony to the originally-retained interpreter. There is no indication that interpreter provided the summary to the trial interpreter.

not work with the State or prosecution on this case prior to being asked to serve as an in-court interpreter and did not speak to either State attorney about the case before appearing in court. We conclude Castaneda was not prejudiced by the State's failure to follow the protocol dictated by our rules for selection of an interpreter.

We affirm Castaneda's conviction, judgment, and sentence for attempted murder.[2]

**AFFIRMED.**

---

[2] In his reply brief, Castaneda asks to preserve an issue for postconviction relief. He need not ask. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015) ("[A]n ineffective-assistance-of-counsel claim 'need not be raised on direct appeal . . . in order to preserve the claim for postconviction relief purposes.'" (quoting Iowa Code § 814.7(1) (2013))).