**IN THE COURT OF APPEALS OF IOWA**

No. 17-0801
Filed May 16, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JERRY FULTS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Richard B. Clogg,

Judge.


        A defendant appeals his convictions for five counts of sexual abuse in the

third degree.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Potterfield, P.J., Tabor, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**TABOR, Judge.**

Jerry Fults challenges his convictions for five counts of sexual abuse in the third degree. Each count represented a different sex act committed against the daughter of his live-in girlfriend. On appeal, he contends the district court improperly considered a video-recorded interview of the alleged victim under the residual exception to the hearsay rule. Because any consideration of the video recording was harmless in light of the other record evidence, we affirm.

## I.    Facts and Prior Proceedings

We glean the following facts from the minutes of evidence. One morning in early October 2014, J.L.'s mother walked into the family's living room and saw her paramour, Fults, sitting next to J.L. on the couch; his hand was between J.L.'s legs and he appeared to be "masturbating" the twelve-year-old girl. Fults jumped away when he realized J.L.'s mother was there. J.L.'s mother accused Fults of inappropriately touching her daughter. When questioned, J.L. confirmed her mother's suspicion that Fults had been touching her vagina. J.L. disclosed this encounter was not the first time Fults had molested her. Throughout the summer of 2014, every other Saturday morning—while her mother slept in—Fults took the opportunity to have J.L. perform oral sex on him. J.L. also revealed an incident in which Fults used a vibrator to penetrate her vagina. The mother was aware of this item and its location in the house, supposedly hidden from the children. After her mother learned of the ongoing abuse, J.L. told a family friend she was afraid to go home because her mother and Fults were arguing about the revelations. J.L. also told the friend that Fults had been touching her vagina.

The mother and J.L. reported the suspected sexual abuse to police. In a narrative attached to the minutes, an officer described his conversation with J.L., who recalled numerous sex acts perpetrated by Fults, including several incidents in her bedroom when Fults tried to insert his penis into her vagina but was unable to because it "hurt too much."

On October 7, 2014, J.L. went to the Child Protection Center (CPC) at Blank Children's Hospital for an hour-long interview with Mikki Hamdorf. During the CPC interview, which was recorded on video, J.L. said Fults had "moved his fingers inside her underwear" on several occasions. J.L. also recounted times when Fults had forced contact between his penis and her hand, mouth, and vagina. Hamdorf drafted a written report, which was attached to the minutes.

In January 2016, the State filed a trial information, accusing Fults of six counts of sexual abuse in the third degree, class "C" felonies, in violation of Iowa Code sections 709.1 and 709.4(1)(b)(2) (2014). In the accompanying minutes, the State included the expected testimony of J.L., her mother, the family friend, the CPC interviewer, and several police officers. The State expected J.L. to offer the following information:

> Witness will testify to multiple instances of sexual contact by the defendant. Witness will testify that in early October the defendant engaged in sexual touching of her genitals. Witness will testify that throughout the summer of 2014 the defendant engaged in multiple sex acts with her. Witness will testify substantially in conformity with any and all reports attached hereto and any subsequent reports.

In March 2017, the defense filed a motion in limine seeking to exclude the video recording of J.L.'s interview at the CPC. The motion asserted the evidence was hearsay and was "nothing more than an effort to bolster" the testimony of J.L.,

who was then fourteen years old. The State argued the video was admissible under Iowa Code section 915.38(3)[1] and the residual exception to the hearsay rule at Iowa Rule of Evidence 5.807(a).[2] The court overruled the motion in limine, but suggested the defense could make a record when the State offered the evidence at trial and the court would give its final ruling then.

On the morning of trial, Fults waived his right to a jury and agreed the State could present its case through a stipulated record. The prosecutor offered the minutes of evidence and attached reports, as well as the recorded CPC interview with J.L., "for the court to take into consideration when rendering its verdict." The defense renewed its motion in limine and the court said it would treat that motion as "preserved."

In its written ruling, the district court found Fults guilty on five of the six counts.[3] The court decided the evidence established beyond a reasonable doubt

---

[1] This provision states:

> The court may upon motion of a party admit into evidence the recorded statements of a child, as defined in section 702.5, describing sexual contact performed with or on the child, not otherwise admissible in evidence by statute or court rule if the court determines that the recorded statements substantially comport with the requirements for admission under rule of evidence [5.807].

[2] This rule states:

> *In general.* Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in rule 5.803 or 5.804:
> (1) The statement has equivalent circumstantial guarantees of trustworthiness;
> (2) It is offered as evidence of a material fact;
> (3) It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) Admitting it will best serve the purposes of these rules and the interests of justice.

[3] For one of the six counts, the State had alleged Fults touched J.L.'s breast with his hands and mouth, contact which did not qualify as a sex act under the definitions in Iowa Code section 702.17.

that Fults committed five separate acts of sexual abuse in the third degree.[4]  At sentencing, the district court imposed two consecutive terms not to exceed ten years and ordered the three other counts to run concurrently, for a twenty-year indeterminate prison term.  Fults appeals his conviction.

## II.      Preservation of Error and Standard of Review

The State argues the district court's ruling on the defense motion in limine did not constitute a final ruling on admissibility of the CPC video.  *See State v. Tangie*, 616 N.W.2d 564, 568 (Iowa 2000) (explaining error claimed in a court's ruling on a motion in limine is waived unless a timely objection is made when the evidence is offered at trial).  We disagree.  Defense counsel renewed its objection to the video when the State offered its stipulated evidence and the court deemed the challenge to be "preserved."  The court also mentioned the video in its findings of fact.

We review the admission of an exhibit challenged as hearsay for the correction of legal error.  *See State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017).  Improperly admitted hearsay is cause to reverse a conviction unless the proffering party, here the State, establishes the error was not prejudicial.  *See id.*

---

[4] "A person commits sexual abuse in the third degree when the person performs a sex act [that is] between persons who are not at the time cohabiting as husband and wife . . . [and] the other person is twelve or thirteen years of age."  Iowa Code § 709.4(1)(b)(2).

### III.    Analysis

The parties debate the admissibility of J.L.'s recorded statements under the residual hearsay exception.  But given the wealth of other proof that Fults sexually abused J.L. at least five times, accepted into evidence by stipulation, we don't believe it is necessary to settle the question.  Assuming, without deciding that the video did not meet the requirements of admissibility under section 915.38(3) and rule 5.807(a), we find the district court's consideration of the video recording is not grounds for reversal.

When an alleged error is not of constitutional magnitude, the measure of prejudice for harmless error purposes is "whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice."  *See State v. Traywick*, 468 N.W.2d 452, 454–55 (Iowa 1991) (quoting *State v. Massey*, 275 N.W.2d 436, 439 (Iowa 1979)).[5]  The State bears the burden to affirmatively establish the hearsay evidence did not affect the finding of guilt by the trier of fact.  *See State v. Elliott*, 806 N.W.2d 660, 669 (Iowa 2011).  The State may show the challenged hearsay did not impact the

---

[5] The *Traywick* decision contrasted the prejudice test for non-constitutional errors with the "more stringent showing" required for error involving constitutional rights.  468 N.W.2d at 455.  Justice Larson rejected the defense attempt to blur the two standards:

> Conceivably under Traywick's theory, all rulings at the trial affect the fairness of the proceedings and therefore implicate due process rights.  We do not believe this is so.  If it were, there would be no basis for different rules with respect to the burden of showing a lack of prejudice; all appeals in criminal cases would be subject to the "beyond a reasonable doubt" showing.  We do not believe this is mandated by *Chapman* [*v. California*, 386 U.S. 18, 23–24 (1967)].

*Id.*  We note some recent confusion in our supreme court's articulation of the harmless-error standard for hearsay evidence.  *See State v. Huser*, 894 N.W.2d 472, 495 (Iowa 2017) ("The State may show improperly admitted evidence was not prejudicial by proving the error was harmless beyond a reasonable doubt." (citing *State v. Sowder*, 394 N.W.2d 368, 372 (Iowa 1986))).  But *Huser* cited *Sowder*, which predated *Traywick*.

finding of guilt if the hearsay is cumulative to other evidence admitted into the record without objection. *Id.*; *see also Plain*, 898 N.W.2d at 813.

Here, Fults stipulated that the State's minutes of evidence and the attached reports would serve as the body of proof considered by the court in determining his guilt. *See State v. Adams*, 554 N.W.2d 686, 692 n.4 (Iowa 1996) (clarifying that by stipulating to the minutes, defendant agreed they would become the "evidence in this case" but defendant did not concede testimony was "accurate, believable or sufficient to support his conviction"). The minutes included J.L.'s testimony that Fults subjected her to various sex acts throughout the summer and fall of 2014 when she was twelve years old. Nothing in the record detracts from the credibility of J.L.'s testimony. J.L. had no motive to falsely accuse Fults. In fact, J.L. had not confided in anyone about the abuse until her mother witnessed an incident of molestation on the couch. That same day, J.L. reported the sexual abuse to an adult friend of the family. Once the abuse was no longer a secret, J.L. was consistent in the information she provided her mother and police. Aside from moving to exclude the CPC video, Fults did not lodge any hearsay objections to other testimony or reports outlined in the minutes. Likewise, on appeal, Fults limits his complaint to the admission of the video. As the State points out, "a record without that video would still include the written report summarizing the same interview."

Accordingly, even if the video was not admissible under the residual exception, it was cumulative to stipulated evidence in the record without objection. *See State v. Johnson*, 272 N.W.2d 480, 482 (Iowa 1978) (concluding admission of hearsay was harmless error where "a considerable body of evidence in the record,

without objection" proved the same point).  The State affirmatively established the video had no material impact on the district court's determination he was guilty of five counts of third-degree sexual abuse.  Fults's rights were not injuriously affected nor did he suffer a miscarriage of justice as a result of the district court's hearsay ruling.  Accordingly, Fults is not entitled to a new trial.

**AFFIRMED.**